ISABELLA MEAD, Respondent, v. ISAAC J. STRATTON et al., Appellants.

Where the death of a man is a result necessarily following and attributable to his intoxication, an action is maintainable under the Civil Damage Act (Chap. 646, Laws of 1873) by his widow, if injured in her "means of support," against the vendor of the liquor causing the intoxication, and the owner of the building where the liquor was sold, in the cases specified in said statute.

*Hayes* v. *Phelan* (4 Hun, 733), explained; *Brookmire* v. *Monaghan* (15 id. 16), limited.

*Collier* v. *Early* (54 Ind. 559), *Backes* v. *Dant* (55 id. 181), *Davis* v. *Justice* (31 Ohio St. 359), *Kirchner* v. *Myers* (35 id. 85), disapproved.

A married woman who owns a building in which intoxicating liquors are sold by her husband, and who has knowledge that such business is carried on by him, is liable under said act.

In an action under said act it appeared that plaintiff's husband drank intoxicating liquors at the hotel kept by defendant I., and became so much intoxicated that he had to be helped into his buggy when he started for home. He was found dead, with his leg caught under the foot-bar of the buggy, and his head hanging over between the body of the buggy and the wheel, so that it had been beaten by the wheel. *Held*, that the evidence sufficiently established that the intoxication was the proximate cause of the death.

The hotel was owned by defendant M., the wife of I. When she took title, which was before the passage of said act, she and her husband went into possession. She had general charge of the house, except of the bar, and knew that intoxicating liquors were there sold. *Held*, that the fact that possession was taken before the act was passed did not exempt her from liability; that the presumption was that the possession originally taken was continued in view of the laws of the State thereafter enacted; and that the question whether M. had given permission for the

occupation of the building with knowledge that liquors were to be sold, was properly submitted to the jury.

(Argued December 15, 1881; decided January 17, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made April 26, 1879, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

The nature of the action and the material facts are stated in the opinion.

*James Wood* for appellants. The complaint does not state a cause of action. (*Green* v. *H. R. R. R. Co.*, 28 Barb. 9, affirming 2 Keyes, 264; *Quinn* v. *Moore*, 15 N. Y. 432, 436; *Whitfield* v. *Panama R. R. Co.*, 23 id. 465, 475, 480; *McCheskey* v. *Cremell*, 11 id. 593; *Milered* v. *The L. O. A. & N. Y.*, 9 Hun, 238.) The death of the plaintiff's husband, in this case, was not in consequence of his intoxication, in the legal sense of the term. (*Shugart* v. *Eaton*, 83 Ill. 56; *Schmidt* v. *Mitchell*, 84 id. 195; *Krach* v. *Heilman*, 53 Ind. 517; *Collier* v. *Early*, 54 id. 559; *Davis* v. *Justice*, 31 Ohio St. 359.) The court erred in denying the motion made by defendants' counsel, to dismiss the complaint or nonsuit the plaintiff as to the defendant Margaret M. Stratton. (*Gould* v. *Gould*, 29 How. 441, 457; *Longuadyke* v. *Longuadyke*, 44 Barb. 366; *Treetly* v. *Treetly*, 42 id. 641; 2 Kent's Com. 130, marg.; *Minier* v. *Minier*, 4 Lans. 421; *Kowing* v. *Manley*, 49 N. Y. 192.)

*J. B. Adams* for respondent. The right of the plaintiff to maintain an action against the defendants to recover for the injury to her means of support, upon the cause of action set out in the complaint herein, is expressly given by chapter 646, Laws of 1873. (*Volen* v. *Owen et al.*, 74 N. Y. 526; *Bertholf* v. *O'Reilly*, id. 509; *Jackson* v. *Brookins*, 5 Hun, 530; *Smith* v. *Reynolds*, 8 id. 128; *Schroeder* v. *Crawford*, 94 Ill. 357; *S. C.*, 34 Am. Rep. 236; *Hackett* v. *Swelsby*, 77 Ill. 109; *Roose* v. *Perkins*, 9 Neb. 304; *S. C.*, 31 Am. Rep. 409;

*Rafferty* v. *Beekman*, 46 Iowa, 195.) The requests by defendants' counsel to charge that Mrs. Stratton could not recover possession of, or control her own property, were properly denied. (*Hatfield* v. *Sneden*, 54 N. Y. 280, 287; *Fiske* v. *Bailey*, 51 id. 150; *Meeker et al.* v. *Wright et al.*, 76 id. 262, 267.)

MILLER, J. · This action was brought by the plaintiff, who was the wife of Charles Mead, deceased, to recover damages sustained in her means of support by the death of her husband in consequence of intoxication·produced by liquor sold to him by said defendant Isaac J. Stratton, at the hotel kept by him, of which the said Margaret M. Stratton, the wife of said Isaac J. Stratton, was the owner; and which, it is claimed, she rented to her husband, or permitted to be occupied as a hotel, knowing that intoxicating liquors were to be and had been sold upon said premises.

The complaint alleges that in consequence of the acts of the defendants stated and set forth, and in consequence of the intoxication of the late husband of plaintiff, caused as aforesaid, plaintiff had been injured in her means of support and property.

The essential facts established by the verdict were that the defendant Isaac J. Stratton was the keeper of the hotel, and the deed was given to his wife who had general charge of the house, except the bar, but was cognizant of the fact that intoxicating liquors were sold there; that the deceased came to the house with a horse and buggy, drank intoxicating liquors several times there, and became so much intoxicated that he was helped into his buggy upon starting for home; that he must have fallen in his buggy, as he was found dead, with his knee caught tightly under the iron cross or foot bar, and his head over between the wheel and the wagon, so that his head was beaten by the spokes and otherwise injured; and that he left a wife and several children who were dependent upon him for support.

The statute (chap. 646, Laws of 1873) under which this

. action is brought provides, that every husband, wife, etc., " or other person who shall be injured in person or property or means of support by any intoxicated person, or in consequence of the intoxication   *   *   *   shall have a right of action in his or her name against the person who shall, by selling or giving away the intoxicating liquors, cause the intoxication   *   *   *   and any person or persons owning or renting, or permitting the occupation of any building or premises, and having knowledge that intoxicating liquors are to be sold therein, shall be liable, severally or jointly with the person or persons selling   *   *   *   for all damages sustained and for exemplary damages." The statute cited provides for a recovery by action for injuries to person or property, or means of support, without any restriction whatever. Both direct and consequential injuries are included, and it was evidently intended to create a cause of action unknown to the common law, and a new ground and right of action. ( *Volans* v. *Owen,* 74 N. Y. 526.) The injury to the means of support was one of the main grounds of the action, and when the party is deprived of the usual means of maintenance, which he or she was accustomed to enjoy previously, by or in consequence of the intoxication or the acts of the person intoxicated, the action can be maintained. (Id.) It is evident that the legislature intended to go in such a case far beyond any thing known to the common law, and to provide a remedy for injuries occasioned by one who was instrumental in producing, or who caused such intoxication. While a statute of this character should not be enlarged, it should be interpreted, where the language is clear and explicit, according to its true intent and meaning, having in view the evil to be remedied and the object to be attained. The evident object was to suppress the sale and use of intoxicating liquors, and to punish those who, in any form, furnished means of intoxication, by making them liable for damages which might arise, which were caused by the parties who furnished such means. If the injury which had resulted to the deceased in consequence of his intoxication had disabled him for life, or to such an extent as to incapacitate him for labor

and for earning a support for his family, it would no doubt be embraced within the meaning and intent of the statute. That death ensued in consequence thereof, furnishes much stronger ground for a claim for a loss of means of support; and a different rule in the latter case would make provision for the lesser and temporary injury, while that which was greatest and most serious would be without any remedy or means of redress. Such could not have been the intention of the law-makers, and the statute was designed to embrace and most manifestly cover and include all injuries produced by the intoxication, and which legitimately result from the same. If it is an injury which can be repaired by damages, as that arising from a temporary disability, or one where death comes as a natural and legitimate consequence of the intoxication, a case is made out within the statute which entitles the injured party to recover such damages. The argument that in this case it was the remote cause, and not the natural and proximate cause of the act of the defendant, would apply with equal force if death had not followed, and, we think, has no point under the peculiar circumstances of this case.

There are some decisions in the Supreme Court of this State which bear upon the subject. In *Hayes* v. *Phelan* (4 Hun, 733), the opinion holds that the statute gave a right of action only in cases where it lies against the intoxicated person. This conclusion does not, however, appear to have been sustained by a majority of the judges constituting the General Term, and in a note to *Dubois* v. *Miller* (5 Hun, 335), an opinion of JAMES, J., is published, dissenting from the views expressed in *Hayes* v. *Phelan*, and it is stated that BOARDMAN, J., concurred only in the result arrived at in the decision, and only two justices were present. In *Brookmire* v. *Monaghan* (15 Hun, 16), where the complaint asked damages only by reason of the death of plaintiff's husband, which, it was alleged, was caused by intoxication by liquor sold the deceased by the defendant, it was held that the complaint did not state a cause of action under the Civil Damage Act, and it was said that the court had heretofore decided, in *Hayes* v. *Phelan*, that

SICKELS — VOL. XLII.          63

such damages are not recoverable under the act of 1873. The same question arose in the fourth judical department in *Jackson* v. *Brookins* (5 Hun, 530) ; and it was there held, that where several persons became intoxicated, and engaged in an affray in which one is killed, his widow may maintain an action against the person who sold the liquor which caused the intoxication, to recover damages sustained by her for the death of the husband. The same doctrine is upheld in *Smith* v. *Reynolds* (8 Hun, 128). In *Quain* v. *Russell* (8 id. 319), in the third department, it was held by a majority of the court, that it was not essential to the existence of the cause of action, under the Civil Damage Act, against the vendor of liquors, that an action should also be maintainable against the intoxicated person, and it is sufficient if the wife has been injured in her means of support through the intoxication of the husband. The case of *Hayes* v. *Phelan* is referred to, and it is said that no such principle as is claimed in the last case was decided by the court. It will thus be seen that the decisions of the Supreme Court in this State are not entirely harmonious. In the State of Illinois it is held that the action will lie when death ensues. (See *Schroder* v. *Crawford*, 94 Ill. 357 ; *Hackett* v. *Smelsley*, 77 id. 109.) The same rule is upheld in Nebraska (*Roose* v. *Perkins*, 9 Neb. 304), and in the State of Iowa (*Rafferty* v. *Buckman*, 46 Iowa, 195.) Some exceptions are made by the courts of Illinois when the person intoxicated is killed in an affray, or when death results from exposure. (*Shugart* v. *Egan*, 83 Ill. 56; *Schmidt* v. *Mitchell*, 84 id. 195.) It is not necessary to decide whether these decisions are based on a sound principle, as no such question arises in the case at bar. Cases are also cited from Indiana, which are claimed to be adverse to the views expressed. (See *Krach* v. *Heilman*, 53 Ind. 517; *Collier* v. *Early*, 54 id. 559 ; *Backes* v. *Dant*, 55 id. 181.) In *Krach* v. *Heilman* (*supra*), the person intoxicated was killed in an affray. The last two cases cited are somewhat analogous to the case at bar, but the decision of the court is not, we think, well supported in either of them. It is also held in Ohio, that under the act in that State

in relation to the sale of intoxicating liquors for injury to the means of support in consequence of intoxication which caused death, no recovery of damages can be had. (*Davis* v. *Justice*, 31 Ohio, 359; *Kirchner* v. *Myers*, 35 id. 85.) We cannot concur in such an interpretation of the act in question, and for the reasons already stated are of the opinion, that, if the death of the deceased was a result necessarily following the intoxication, and was attributable to such intoxication, an action will lie to recover the damages arising to the means of support of the plaintiff by reason thereof. While thus holding it is not necessary to decide whether a person producing the intoxication would be liable when death ensued by reason of an affray caused thereby, or under different circumstances from those which are presented in the case at bar. Nor are we called upon to consider in this case the effect of the statute so far as it affects the right of action of the children of the deceased for damages sustained by each of them, as that question is not now presented. The conclusion follows, that there was no error. committed by the judge upon the trial in any of his rulings in regard to the question considered. A claim is also made, that the judge erred in refusing to dismiss the complaint, or to nonsuit the plaintiff as to the defendant Margaret M. Stratton. The title to the hotel was in her, and she lived there with her husband, having charge of the domestic arrangements in conducting the business of the hotel. There is evidence tending to show that she had knowledge that her husband was engaged in the business of selling intoxicating liquors, and that he intended to, and did actually, carry on and prosecute such business. Under the evidence it was a question of fact for the jury to determine, whether she had knowledge that the building was occupied and used by her husband for any such purpose. And this result was to be arrived at after a due consideration of the relations existing between the husband and his wife, and the circumstances surrounding the case. It cannot, we think, be claimed that as a matter of law the husband was in possession, and that the wife was relieved from liability as the owner of the property, who had no knowledge of the sale of intoxicating

liquors. Whatever his rights may have been at common law, if she was the owner and knew that the business of selling intoxicating liquors was conducted there, she cannot evade responsibility. The statute does not, as is claimed, provide that the person must not only own, but rent the. premises, but if there is either an " owning or renting," with knowledge, it is sufficient to create a liability. The proof of ownership was clear, and there was proof tending to show that the occupation was permitted with knowledge of the purpose of selling intoxicating drinks. The claim that Mrs. Stratton, even if she was the owner of the premises, does not come within the provisions of the statute, so as to render her liable, is based upon the fact that she had the title when she and her husband went into possession, and that the act of the legislature upon which this action is founded was passed' afterward. The position is, that the statute was not intended to be retroactive. The statute had been in operation some time when the sale of the liquor was made, and in the absence of direct proof it can hardly be assumed that the original possession was to be, and actually was, continued without regard to any future change of the law or obligations of the parties, and that for this reason they were to be exempted from the operation and effect of all future legislative enactments, and we are unable to discover how the doctrine contended for can be invoked under the circumstances. Such a rule would screen a party for an unlimited period of time from the operation of a statutory enactment, and clearly cannot be upheld. The presumption is, that the possession originally taken was continued in view of the laws of the State as they were thereafter enacted. It is not pointed out, and we do not see that this question was distinctly raised upon the trial. A question is also raised, as to whether, considering the relations between the defendants, there was such a permission to occupy as would make her liable under the statute. The judge charged the jury that the " question, so far as Mrs. Stratton was concerned, was whether she permitted the occupation of the building by her husband, knowing that intoxicating liquors were to be sold on the premises — permit-

ting them to be sold," thus leaving it for them to determine as to the permission to occupy. The permission referred to was not confined by the judge in his charge strictly to the time when the husband went into possession, but may have arisen from subsequent occupation, or from inferences to be derived therefrom. It is not important, we think, to consider whether the strict relation of landlord and tenant existed, if Mrs. Stratton was the owner, and permitted her husband to occupy with the knowledge of the business in which he was engaged of selling intoxicating liquors. There was no error in any portion of the charge to which exceptions were taken, or in the refusal to charge as requested, or in any other of the rulings on the trial.

The judgment was right, and should be affirmed.

All concur, except RAPALLO, J., taking no part.

Judgment affirmed.