POLLY MORIARTY, RESPONDENT, v. CAROLINE L. BART-LETT, AS EXECUTRIX, ETC., OF VIRGIL C. BARTLETT, DECEASED, APPELLANT.

*Civil damage act — when an action by a wife survives against the estate of a deceased defendant — right to recover exemplary damages against the estate.*

The plaintiff's husband, having purchased intoxicating liquors from the defendant, became intoxicated and was, while in that condition, drowned. After the commencement of this action, brought by the plaintiff, his widow, under the civil damage act, to recover the damages thereby occasioned to her, the defendant died:

*Held,* that a cause of action survived in favor of the widow against the estate of the deceased, and that his executrix should be substituted in his place.

*It seems,* that the estate would not be liable for exemplary damages. (Per LEARNED, P. J.)*

APPEAL from an order made at a Special Term, continuing this action and substituting Caroline L. Bartlett, as executrix of Virgil C. Bartlett, deceased, in place of her testator, the original defendant.

*Leslie W. Russell,* for the appellant.

*W. P. Cantwell,* for the respondent.

LEARNED, P. J.:

This is an action brought by Polly Moriarty, widow of Samuel Moriarty, against Virgil C. Bartlett, under the "civil damage act," for selling intoxicating liquors to Samuel Moriarty and causing his intoxication, through which he was drowned.

After the action was commenced the defendant died. On

---

* As to the right to recover exemplary damages in such actions see *Ludwig* v. *Glaessel, post,* p. 312.

motion of the plaintiff the Special Term substituted his executrix in his place. She appeals. The question is whether the cause of action survived against the estate of Bartlett.

By 2 Revised Statutes (m. p. 447, § 1) an action may be maintained against the executors or administrators of a wrong-doer, for wrongs done to the property, rights or interests of another. By section 2 this provision does not extend (among other things) to actions of assault and battery or for injuries to the person of the plaintiff. Where an action may be maintained against executors or administrators, then an action commenced against the wrong-doer does not abate, but may be continued. (Code, §§ 755, 757.) We have then to consider whether the present is an action for wrong done to the property, rights or interests of the plaintiff. The "civil damage" act was passed subsequently to the Revised Statutes, and, therefore, such an action as the present was not known to the revisers.

The husband has such an interest in the services of the wife that an action brought by him for injuries to her survives to his executors, because this wrong affected his rights and interests. (*Cregin* v. *Brooklyn C. R. R. Co.*, 75 N. Y., 192.) Of course, at common law the wife had no legal right in the services of the husband. But by the civil damage act the person who is injured in "means of support" may recover. And in *Volans* v. *Owen* (74 N. Y., 526), the court say that this means that his accustomed means of maintenance have been curtailed. And it was held that a father could not recover for the intoxication of his minor son, without proof that the son's services were necessary to his, the father's, support. In *Mead* v. *Stratton* (87 N. Y., 493), the widow was held entitled to recover for injury to means of support, where the husband had died, the court saying that the plaintiff could recover where she had been deprived of the usual means of maintenance which she was accustomed to enjoy.

These cases seem to show that by this statute the injured party is considered to have a certain ownership in the means of support. This is not according to the common law. For, as above remarked, the wife has no ownership in her husband's services. On the other hand the father has an ownership in the services of the minor child. Yet it is held that under the words "means of support"

the wife can recover for injuries to the husband unfitting him for work. And the father cannot recover for intoxication to the minor child, unless that intoxication affected services necessary to the father's support.

When the " civil damage " act was first under discussion in the courts, I was of the opinion that the word "injured," in the phrase " injured in person, property, or means of support," implied a wrong done by the intoxicated person—an *illegal* act—and not merely damage; that is, that it did not include *damnum absque injuria,* and that the effect of the law was only to make the vendor of the liquor liable for the *tort* of the intoxicated person. (*Hayes* v. *Phelan,* 4 Hun, 733.) But the contrary view is held in *Quain* v. *Russell* (8 Hun, 319), and probably in *Mead* v. *Stratton* (*ut supra.*)

It follows, therefore, that the cause of action under this act does not necessarily arise upon any tort. Because the sale of the liquor is a lawful act, or may be so, since the vendor may be licensed. And the act of the intoxicated person need not be a tort according to the decisions above cited. If the injury were to person or property it probably would arise upon a tort of the intoxicated person. If it were to "means of support," it need not, as above shown. The cause of action, therefore, is unlike any other, for it clearly does not arise on contract. And it does not necessarily arise upon a tort. If the intoxicated person were to injure the person of the plaintiff it would seem that the action could not survive against the executors of the vendor under the Revised Statute above cited. If the intoxicated person were to injure the property of the plaintiff it would seem that the action would survive against such executors. If the intoxicated person were to injure the means of support, or if such means of support were to be injured in consequence of such intoxication, should such injury be likened to an injury to the person or to an injury to property? It seems to us that the spirit of the statute under the interpretation above referred to, given by the courts, is to grant the plaintiff a *quasi* ownership in these " means of support;" whatever those words may mean. Something of pecuniary value has been taken from the plaintiff. And the statute makes the defendant liable therefor although he has been guilty of no tort. So far

then as the plaintiff's means of support have been injured (that is, under the decisions, *diminished*) the defendant is made liable, and his estate should be liable also.

And here we would say that we need not hold that the estate of the defendant is liable under that statute for exemplary damages. That question is not before us, but we make the remark to guard against any incorrect inference. Exemplary damages are by way of punishment, and the deceased cannot now be punished. It would not be inconsistent to hold that his estate should pay the actual damages sustained by the plaintiff, and no more.

The question here presented is new, and the circumstances are not like those of other actions. Not much, therefore, is to be gained by citations of authorities.

We think the order should be affirmed, with ten dollars costs and printing disbursements.

Present — LEARNED, P. J., LANDON and FISH, JJ.

Order affirmed, with ten dollars costs and printing disbursements.