HAIGHT, J., concurs. BRADLEY, J., concurs in the result on the last point stated. DWIGHT, J., dissents.

---

### CONKLIN *v.* TICE.

*(Supreme Court, General Term, Second Department.　May 14, 1888.)*

1. INTOXICATING LIQUORS—LEASE OF PREMISES FOR SALE OF—EVIDENCE.
　Evidence that a landlord, before leasing his building, stated that his prospective tenant intended to keep an hotel, and could get a license by reason of the friendship of a high county official; that he was several times about the hotel while it was being fitted up, and was in the habit of going there two or three times a week; together with evidence that there was a regular bar-room in the hotel, where every one got strong drink who asked for it,—is sufficient proof of a leasing for the purpose of the sale of intoxicating liquors, and of knowledge that the premises were used for that purpose.

2. SAME—ACTION FOR SALE TO HUSBAND—DEATH OF HUSBAND—MEASURE OF DAMAGES.
　In an action against the owner of an hotel where intoxicating liquor is sold, for the death of plaintiff's husband by an accident caused by his becoming intoxicated on liquor bought of defendant's tenant, a verdict of $3,500 damages is not excessive

where plaintiff was left entirely destitute, with a young child to support, and her husband had been an industrious laboring man, engaged in working a farm on shares.[1]

Appeal from circuit court.

Action by Bridget Conklin against William H. Tice for damages for the death of her husband by an accident caused by his becoming intoxicated on liquor bought of defendant's tenant. Judgment for plaintiff, and defendant appeals.

*A. H. Gleason,* for appellant.   *C. Haines,* for respondent.

BARNARD, P. J.   The plaintiff is the widow of James A. Conklin.   The defendant is the owner of premises in Westchester county, kept as an hotel by one Mercer, the plaintiff's lessee.   The cause of action is based upon allegations that the plaintiff's husband was made intoxicated from strong drink furnished him by Mercer at this house; that thereby he lost control of his judgment and self-control, and drove his team so recklessly and imprudently as to upset his wagon, and break his own neck in the overthrow of the conveyance; that the defendant leased the hotel with full knowledge that intoxicating liquors were to be sold there.   The plaintiff's position is undisputed. She is thirty-four years of age, has a child under four years of age, and is left wholly dependent upon her own labor.   Her deceased husband was a laborer. The proof was full and explicit as to the furnishing by Mercer of the intoxicating drink to the deceased.   On the 21st March, 1887, the deceased went to the hotel kept by Mercer to put up an auction bill.   He did so by Mercer's permission, and then asked him for whisky. It was furnished. "He drank two or three times certain," says his companion, one Smith,—"whisky every time."   The deceased and Smith got into the wagon.   Smith drove so madly, and furiously whipping his horses, so that they were urged to such a rate of speed that, in turning a corner in the road, the wagon upset, and the plaintiff's husband was killed.   The case falls within the principle established in *Mead* v. *Stratton,* 87 N. Y. 493, if the cause of action was brought against Mercer.   If an action will lie against Mercer, it will lie also against the owner of the building, if he leased it for the purpose of the sale of liquor, or knew of such intended sale therein.   The proof to show that the defendant knew that the place was to be used for the sale of intoxicating liquors there is supported. One Palmer had kept an hotel in it for two years previous to Mercer, as defendant's tenant.   Towards the end of the lease, in February or March, 1886, the defendant refused to continue Palmer at $200 a year.   He told Palmer he had been offered more; that this applicant intended to keep an hotel, and could get a license by reason of the friendship of a high county official.   When the hotel was being fitted up for the incoming tenant, the defendant was several times about the hotel, and his son also.   He was in the habit of going to the hotel sometimes two or three times a week.   There was a regular bar-room, and every one got strong drink who asked for it.   Under this proof, the jury could find a leasing by defendant to Mercer for the purpose of the sale of intoxicating liquors, and a knowledge that the place was actually used by him as a place where intoxicating liquors were actually sold.   No point is taken against the amount awarded as damages by the jury.   The proof sustains their estimate.   As has been stated, the plaintiff is 34 years old, and has a very young child to support.   She has nothing.   Her husband was an industrious, "good working-man."   He was "fair and honest."   When he lost his life, he was working a farm on shares, putting his labor against the land.   He left the plaintiff almost, if not entirely, destitute.   He was about 40 years of age.   The verdict of $3,500, under this proof, seems to be moderate and equitable.   The judgment should therefore be affirmed, with costs.

[1] As to measure of damages in actions for death by wrongful act, see Board v. Legg, (Ind.) 11 N. E. Rep. 612, and note; Derby's Adm'r v. Railroad Co., (Ky.) 4 S. W. Rep. 303.