OPINION OF THE COURT
Harry Richard Brown, J.
Defendants D.I.G.I., Inc., doing business as The New Bay Club, and John Crowley have moved for an order seeking summary judgment dismissing plaintiff’s complaint against defendant John Crowley upon the ground that the court lacks personal jurisdiction over him. Plaintiff has cross-moved for an order striking defendant John Crowley’s answer as un *517 timely or, in the alternative, for an order dismissing the third and fourth affirmative defenses alleged in the answer of defendants John Crowley and D.I.G.I.
Upon agreement of the parties, plaintiff has accepted defendant John Crowley’s answer as timely and defendants have withdrawn their affirmative defense of lack of personal jurisdiction. Therefore, the only question left for this court’s consideration is that portion of plaintiff’s cross motion seeking dismissal of defendants’ fourth affirmative defense, to wit, that the within action is barred by the applicable Statute of Limitations.
This is a so-called "Dram Shop” action commenced pursuant to General Obligations Law § 11-101 arising out of an automobile accident on July 23, 1983 which resulted in the death of plaintiff’s decedent Nancy Alfonso. Plaintiff commenced this action on or about May 15, 1986 by service of a summons and complaint. Issue was joined by service of an answer by defendants D.I.G.I. and Crowley on November 13, 1986. Included in that answer was an affirmative defense alleging that the action was not commenced within two years of the decedent’s death and is, therefore, barred by the applicable Statute of Limitations. In support of her present application, plaintiff asserts that this action is timely since it is governed by the three-year Statute of Limitations contained in CPLR 214. Defendant, on the other hand, contends that although plaintiff characterizes this cause of action as a dram shop action, language contained in plaintiff’s complaint clearly identifies it as a wrongful death action and should be governed by the two-year Statute of Limitations contained in EPTL 5-4.1. Defendants further assert that even if this court were to consider plaintiff’s action as a dram shop action, there is no authority for the proposition that such an action is not governed by the same Statute of Limitations as a classic wrongful death action.
Initially, it should be noted that plaintiff’s first cause of action against the moving defendants is clearly one brought pursuant to General Obligations Law § 11-101, commonly known as the Dram Shop Act. There can be no doubt that plaintiff seeks to impose liability on defendants in this action for their sale of intoxicating liquors and alcoholic beverages to one Peter M. Goode, the driver of the automobile in which plaintiff’s decedent was a passenger at the time of the accident.
Turning to the question of what the period of limitation *518 should be for a dram shop action where the injured party is now deceased, it appears that such a question is one of first impression in this State. For the reasons stated hereinbelow, it is this court’s opinion that the within action is governed by the three-year Statute of Limitations contained in CPLR 214 and, accordingly, plaintiffs application for an order dismissing defendants’ fourth affirmative defense is granted.
Causes of action for wrongful death and dram shop actions were unknown at common law but were, rather, created by statute (see, Arrow Elecs. v Stouffer Corp., 117 Misc 2d 554; Matalavage v Sadler, 77 AD2d 39). As such, the statutes creating such causes of action are to be strictly construed (Young v Robertshaw Controls Co., 104 AD2d 84, rearg denied 108 AD2d 986, Iv granted 110 AD2d 920; Wright v Sunset Recreation, 91 AD2d 701). New York’s wrongful death statute, as contained in EPTL 5-4.1, was enacted to compensate the decedent’s distributees for the pecuniary injuries suffered by them as a result of decedent’s death (Shu-Tao Lin v McDonnell Douglas Corp., 742 F2d 45). The Dram Shop Act, as set forth in General Obligations Law § 11-101, was enacted for the dual purposes of suppressing and controlling the sale and use of intoxicating liquor and to protect and provide a remedy , for persons injured by the unlawful sale of liquor (Fox v Mercer, 109 AD2d 59). A cause of action for wrongful death under EPTL 5-4.1 is based upon negligence or other tort and is in the nature of a property right vesting in the beneficiaries of the decedent for injuries suffered by those beneficiaries as a result of the decedent’s death (Matter of Meekin v Brooklyn Hgts. R. R. Co., 164 NY 145). A dram shop action is based upon a violation of a statutory prohibition and recovery is for actual and exemplary damages (General Obligations Law § 11-101 [1]). Indeed, it has been said that: "[t]here is a clear distinction between wrongful death and [dram shop] actions; they are wholly unrelated both as to scope and purpose” (3 NY Jur 2d, Alcoholic Beverages, § 122, at 460).
In view of this clear distinction between a cause of action for wrongful death and a cause of action based upon a violation of the Dram Shop Act, it is this court’s opinion that the period of limitations contained in EPTL 5-4.1 does not apply to plaintiff’s cause of action herein.
In reaching this conclusion, the court must point out that CPLR 214 provides that the period of limitations for actions "to recover upon a liability, penalty or forfeiture created or *519 imposed by statute” is three years. This three-year period is applicable to only those liabilities which would not exist but for a statute (Aetna Life & Cas. Co. v Nelson, 67 NY2d 169). The test has been said to be whether liability is one which did not exist at common law (State Farm Mut. Auto. Ins. Co. v Regional Tr. Serv., 79 AD2d 858). An action commenced against one who unlawfully sells or assists in procuring liquor is unquestionably one that did not, as noted above, exist at common law. Accordingly, CPLR 214 sets forth the period of limitations to be applied to plaintiffs cause of action herein.
Plaintiffs cross motion to dismiss defendant D.I.G.I.’s and Crowley’s fourth affirmative defense is, therefore, granted.