■ ARLENE LYONS, Individually and as Administratrix of the Estate of PHILIP K. LYONS, Deceased, and as Mother and Natural Guardian of the Infant Children of the Decedent, Respondent-Appellant, v DONALD C. TIEDEMANN et al., Appellants-Respondents, and O'LEARY's CORRAL, Doing Business as O'LEARY's, et al., Respondents.—In an action, *inter alia,* to recover damages pursuant to General Obligations Law § 11-101, the defendants Tiedemann and the Hicksville Fire Department separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Nassau County (Ain, J.), dated January 16, 1986, as granted that branch of the motion of the defendants O'Leary's Corral, doing business as O'Leary's, and Bernard O'Leary (hereinafter the tavern and O'Leary) to dismiss any cross claims against them, and the plaintiff cross-appeals, as limited by her brief, from so much of the order as granted that branch of the respondents' motion which was to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents payable by the

appellants-respondents and the respondent-appellant, with leave to the plaintiff, if she be so advised, to serve an amended complaint, pleading a cause of action against the tavern and O'Leary pursuant to General Obligations Law § 11-101 for loss of means of support, within 20 days after service upon her of a copy of this decision and order, with notice of entry, and with leave to the defendants Tiedemann and Hicksville Fire Department to replead their cross claims within 20 days after service upon them of a copy of the amended complaint.

The facts, as alleged in the complaint, demonstrate that the plaintiff's husband was struck and killed by an automobile operated by the defendant Tiedemann at the intersection of Route 107 and Old Country Road in Hicksville at approximately 8:50 P.M. on May 25, 1984. Tiedemann, a volunteer fireman with the defendant Hicksville Fire Department, was responding to a fire call at the time of the accident. The decedent had been a patron of the tavern and O'Leary for some time prior to the accident. The plaintiff subsequently commenced the instant action on behalf of the decedent's estate, the infant children, and herself, alleging, *inter alia,* that the tavern and O'Leary was liable for damages pursuant to General Obligations Law § 11-101 (i.e., the Dram Shop Act) inasmuch as the tavern, its agents and/or employees had continued to serve the decedent intoxicating drinks after they knew or should have known from his behavior that he had become intoxicated, and that his intoxication was responsible in part for his death. The Hicksville Fire Department, Tiedemann, and the defendant Town of Oyster Bay also asserted separate cross claims against the tavern and O'Leary for indemnification and contribution.

The tavern and O'Leary thereafter moved to dismiss the complaint and the cross claims as against them. By order dated January 16, 1986, the court (Ain, J.) granted the motions, dismissed the complaint and cross claims as against the tavern and O'Leary and severed the action with respect to the remaining defendants. The court observed, *inter alia,* that General Obligations Law § 11-101 does not create a cause of action in favor either of the individual whose intoxication resulted from the unlawful sale of alcohol or of his estate *(Mitchell v The Shoals, Inc.,* 19 NY2d 338; *Reuter v Flobo Enters.,* 120 AD2d 722; *Matalavage v Sadler,* 77 AD2d 39), and that, consequently, neither the complaint nor the cross claims stated a viable cause of action against the tavern and O'Leary. These appeals followed.

We find that the plaintiff is entitled to maintain an action

pursuant to General Obligations Law § 11-101 on behalf of herself individually and her infant children. The New York courts have repeatedly stated that a spouse, child, or parent may bring an action individually under the statute to recover damages for economic loss resulting from the injury or death of the intoxicated person *(see, e.g., Matalavage v Sadler, supra; Dynarski v U-Crest Fire Dist.,* 112 Misc 2d 344; *Garlinghouse v Nelson,* 72 Misc 2d 432; *see also, Valicenti v Valenze,* 68 NY2d 826). The causes of action alleged in the complaint against the tavern and O'Leary, however, are erroneously framed as claims for conscious pain and suffering and wrongful death. To that extent, the complaint is defective by reason of the plaintiff's failure to articulate the proper legal theory in support of her factual assertions. However, since the complaint adequately demonstrates a factual basis for a claim pursuant to General Obligations Law § 11-101, we grant the plaintiff leave to amend her complaint *(see,* CPLR 3025 [b]) to plead a cause of action against the tavern and O'Leary for loss of means of support on behalf of herself and the infant children *(see, Valicenti v Valenze, supra; Mead v Stratton,* 87 NY 493). In the event the plaintiff does so, we similarly grant the defendants Tiedemann and Hicksville Fire Department leave to amend their cross claims to include allegations pertaining to the tavern and O'Leary's liability under the statute. Mangano, J. P., Bracken, Eiber and Kunzeman, JJ., concur.