Frances Bongiorno, as Administratrix of the Estate of Nancy B. Alfonso, Deceased, Respondent, v D.I.G.I., Inc., Doing Business as New Bay Club, et al., Appellants, et al., Defendants.

Second Department, June 20, 1988

**APPEARANCES OF COUNSEL**

*Termini & Epstein, (Shayne, Dachs, Stanisci & Corker [Norman H. Dachs* and *Jonathan A. Dachs]* of counsel), for appellants.

*Scorzari & Perrotta, P. C. (Arlene P. Brown* of counsel), for respondent.

**OPINION OF THE COURT**

KOOPER, J.

In this case of first impression before a New York

appellate court, we are called upon to select the appropriate limitations period to be applied to an action asserted under General Obligations Law § 11-101, the so-called "New York Dram Shop Act". For the reasons that follow, we conclude that plaintiff's action is properly subject to the three-year limitations period prescribed by CPLR 214 (2). Accordingly, we affirm the order of the Supreme Court.

## I

The plaintiff's lawsuit has its genesis in an automobile accident which occurred on July 23, 1983, on Montauk Highway in Suffolk County. The pertinent facts, which are undisputed, disclose that the plaintiff's decedent, Nancy Alfonso, was a passenger in an automobile operated by one Peter Goode. Goode had been drinking at the defendant New Bay Club in East Quoque, where he was allegedly served excessive amounts of alcohol. The driver of the other automobile involved in the collision, one Brian Deignan, was also allegedly intoxicated, having been served excessive amounts of alcohol at the defendant Neptune Beach Club, located in Hampton Bays. Nancy Alfonso was killed in the collision.

## II

Thereafter, letters of administration were issued to the plaintiff on September 19, 1983. On July 16, 1984, the plaintiff commenced an action against the various drivers and owners of the two automobiles. The instant action against, *inter alia,* the two defendant clubs was commenced by the service of a summons and verified complaint on or about May 15, 1986, approximately 2 years and 10 months after the cause of action allegedly accrued. The appellants' verified answer included as an affirmative defense the contention that the instant action was untimely inasmuch as it had not been commenced within two years of the decedent's death as prescribed by EPTL 5-4.1.

## III

Subsequently, the defendant John Crowley moved to dismiss the complaint, *inter alia,* for lack of personal jurisdiction. The plaintiff cross-moved for an order striking, *inter alia,* the appellants' fourth affirmative defense based on the Statute of Limitations. The court granted the plaintiff's cross motion to

the extent of striking that affirmative defense. In its memorandum decision *(see, Bongiorno v D.I.G.I., Inc.,* 135 Misc 2d 516), the Supreme Court concluded that plaintiff's action was properly construed as one brought pursuant to the Dram Shop Act *(see,* General Obligations Law § 11-101)[1] inasmuch as the underlying allegations of liability centered upon the defendants' sale of excessive quantities of alcohol to the two intoxicated drivers involved in the fatal accident. After discussing the differing purposes underlying a dram shop action and a wrongful death action, and the different bases for liability under each theory of recovery, the Supreme Court concluded that the plaintiff's lawsuit was properly characterized a dram shop action and governed by CPLR 214 (2), which imposes a three-year Statute of Limitations in respect to statutorily created liabilities. The court thereupon granted plaintiff's cross motion insofar as it sought dismissal of the appellants' affirmative defense premised on the alleged untimeliness of the action. It is from this determination that the appeal was taken. We affirm.

## IV

The underlying premise upon which the appellants rest their first contention is that the averments set forth in the complaint closely resemble, and therefore must be construed as interposing, a claim seeking recovery for the wrongful death of the decedent pursuant to EPTL 5-4.1, thereby requiring application of the two-year limitation period prescribed by

---

1. General Obligations Law § 11-101 (1) states, in pertinent part, that "[a]ny person who shall be injured in person, property, means of support, or otherwise by any intoxicated person, or by reason of the intoxication of any person, whether resulting in his death or not, shall have a right of action against any person who shall, by unlawful selling to or unlawfully assisting in procuring liquor for such intoxicated person, have caused or contributed to such intoxication; and in any such action such person shall have a right to recover actual and exemplary damages".

Originally enacted in 1873 and entitled "An Act to suppress intemperance, pauperism and crime" (L 1873, ch 646; *Valicenti v Valenze,* 68 NY2d 826; *Volans v Owen,* 74 NY 526; *Mead v Stratton,* 87 NY 493; *Matalavage v Sadler,* 77 AD2d 39, 41-42) the New York Dram Shop Act has been more recently described as "the statutory embodiment of public policy that a tavern owner who continues to sell alcoholic beverages to an intoxicated patron, or one who is apparently under the influence of alcohol * * * is engaging in tortious conduct for which an injured party may hold him strictly liable" *(Delamater v Kimmerle,* 104 AD2d 242, 243-244; *see also, Fox v Mercer,* 109 AD2d 59, 60; Comment, *Liability of Tavern Owners Under the New York State Dram Shop Act,* 30 Alb L Rev 271 [1966]).

EPTL 5-4.1 (1).[2] In support of this contention, the appellants note, *inter alia,* that (1) the caption of the complaint reveals that the action is "styled in the manner of a wrongful death action"; (2) the action was brought by the administratrix of the decedent's estate, whose appointment, the appellants maintain, "is an essential element of the cause of action for wrongful death"; and (3) the allegations in the body of the complaint "attest to the fact that a wrongful death action was intended" inasmuch as the complaint states that the action was brought on behalf of "those entitled to share in the estate of the decedent" and is brought to recover "pecuniary damages" and "funeral expenses". The appellants conclude that "by couching her complaint and her allegations of damage in terms reserved for wrongful death actions, as opposed to Dram Shop actions, Plaintiff * * * has manifested her clear and unambiguous intent to allege and plead an action for wrongful death and not a Dram Shop action". We find these contentions to be unpersuasive.

We note, initially, that the form in which the specific allegations of liability are cast is of no talismanic significance in terms of assessing the reality and essential nature of the relief sought *(cf., Sears, Roebuck & Co. v Enco Assocs.,* 43 NY2d 389, 397; *State of New York v Cortelle Corp.,* 38 NY2d 83, 86; *Brick v Cohn-Hall-Marx Co.,* 276 NY 259, 264; *Lyons v Tiedemann,* 135 AD2d 509; *Matalavage v Sadler,* 77 AD2d 39). In any event, the substantive allegations contained in the complaint are entirely consistent with, and reasonably construed as, implicating the remedial provisions of the Dram Shop Act, which, we note, authorizes recovery for injury to person, property or means of support "by reason of the intoxication of any person, whether resulting in his death or not" *(see,* General Obligations Law § 11-101 [1]; *Valicenti v Valenze,* 68 NY2d 826; *Wellcome v Student Coop.,* 125 AD2d 393; *Matalavage v Sadler, supra; see also, Mead v Stratton,* 87 NY 493; *Lyons v Tiedemann, supra;* Comment, *Intoxication—Liability and Recovery: A Practical Look at New York's Dram Shop Act,* 39 Alb L Rev 15 [1974]).

---

2. EPTL 5-4.1 (1) states, in pertinent part, that "[t]he personal representative, duly appointed in this state or any other jurisdiction, of a decedent who is survived by distributees may maintain an action to recover damages for a wrongful act, neglect or default which caused the decedent's death against a person who would have been liable to the decedent by reason of such wrongful conduct if death had not ensued. Such an action must be commenced within two years after the decedent's death."

■■ A brief review of the factual allegations contained in the complaint unmistakably discloses the plaintiff's reliance upon the provisions of the Dram Shop Act, under which a tavern owner may be held strictly liable by an injured party. The complaint alleges, *inter alia,* that the two drivers of the automobiles who are alleged to have caused the decedent's death were intoxicated; that the defendant clubs and their employees caused and contributed to the drivers' intoxication by illegally selling them alcoholic beverages when they were intoxicated; that the sale of beverages contributed to the drivers' intoxication which ultimately caused the automobile accident in which the decedent was killed; and that the acts committed by the defendants constituted violations of the New York State Dram Shop Act, as embodied in General Obligations Law § 11-101. Reviewed within the context of the foregoing allegations, it is clear that the essence and reality of the liability upon which the plaintiff relies is that provided by the New York State Dram Shop Act *(cf., Sears, Roebuck & Co. v Enco Assocs., supra).*[3]

## V

The appellants further theorize that, even if the plaintiff's action is properly denominated as one implicating the provisions of the Dram Shop Act, the two-year limitations period applicable to a wrongful death action nevertheless represents the appropriate Statute of Limitations to be applied in this case. In support of this contention, the appellants argue, *inter alia,* that "had the Legislature intended that death actions caused by the allegedly unlawful sale of intoxicating liquors

---

**3.** [2] Nor does the representative capacity in which the decedent's administratrix has commenced this action undermine her contention that the complaint is properly construed as asserting a claim under the Dram Shop Act. Since the decedent herself is a person upon whom the Dram Shop Act confers a right of recovery—which right, by the express language of the statute "survives" to her executor or administrator—the commencement of the action at bar by the plaintiff in her representative capacity is not inconsistent with the assertion of a claim for damages under the Dram Shop Act *(see,* General Obligations Law § 11-101 [2]; *Scheu v High-Forest Corp.,* 129 AD2d 366, 369; *Matalavage v Sadler,* 77 AD2d 39, 43-44; *Hammell v Mannshardt,* 248 App Div 624; *cf., Bator v Barry,* 282 App Div 324; *Maras v Bertholdt,* 126 Ill App 3d 876, 467 NE2d 599, 607-608; *Beaupre v Boulevard Billiard Club,* 510 A2d 415 [RI]). We note, moreover, that funeral expenses have been held to be recoverable under a dram shop theory of liability *(see, Scheu v High-Forest Corp., supra,* at 370; *McNally v Addis,* 65 Misc 2d 204, 223; 48A CJS, Intoxicating Liquors, § 460, at 188-189).

be subject to a limitations period other than the basic period of limitations for all other death cases, it could have and would have so provided".

■ Contrary to the appellants' contentions, the Legislature's decision to omit reference to a particular limitations period is hardly supportive of the contention that application of the two-year wrongful death limitations period must have been intended merely because damages attributable to death are among those injuries for which recovery is authorized under the Dram Shop Act (cf., *Murphy v American Home Prods. Corp.,* 58 NY2d 293, 307; *State of New York v Cortelle Corp., supra,* at 86). We perceive no support for the proposition that the framers—through their silence—implicitly designated as applicable to a dram shop action, the two-year limitation period expressly reserved for the substantively dissimilar wrongful death action. Indeed, since the CPLR specifically provides for a limitations period in respect to statutory liabilities (see, CPLR 214 [2]), the framers' silence is more credibly attributed to the unique statutory nature of the liability created by the Dram Shop Act, rather than its alleged similarity to a wrongful death action. Moreover, the Dram Shop Act's provision for the recovery of damages sustained in consequence of death—included presumably, with knowledge of the remedy afforded by the wrongful death statute—further buttresses the contention that the Legislature intended to create an independently cognizable cause of action, separate and distinct from a wrongful death action.

Nor do we perceive the existence of material similarities between the two statutes supporting, by substantive analogy, the application of the two-year wrongful death limitations period to a Dram Shop Act. Indeed, courts and commentators who have compared the Dram Shop Act and the wrongful death action have construed the two statutes as representing distinct causes of action (see, *McNally v Addis,* 65 Misc 2d 204, 223 ["action for damages under the Dram Shop Act is separate and distinct from the usual wrongful death action"]; cf., *Scheu v High-Forest Corp.,* 129 AD2d 366, 369; *Sharpley v Brown,* 43 Hun 374; *Playford v Perich,* 2 Misc 2d 170, 172-173; *Village of Brooten v Cudahy Packing Co.,* 291 F2d 284, 292; *Farmers State Bank & Trust Co. v Lahey's Lounge,* 165 Ill App 3d 473, 519 NE2d 121, 124-125; *Ritter v Village of Appleton,* 254 Minn 30, 93 NW2d 683, 688; 21 Carmody-Wait 2d, NY Prac § 130:7, at 686; 3 NY Jur 2d, Alcoholic Beverages, § 122, at 460; 3 Warren, Negligence, Intoxicated Persons, § 3.06, at

340-341; Comment, *Intoxication—Liability and Recovery: A Practical Look at New York's Dram Shop Act,* 39 Alb L Rev 15, 22 [1974]; 45 Am Jur 2d, Intoxicating Liquors, § 564, at 860-861). The wrongful death action—available only if the decedent would himself have had a cause of action against the defendant and based on the defendant's commission of a "wrongful act, neglect or default"—does not purport to create an independent, actionable wrong where none before existed, but instead, furnishes a means of recovery to a limited class of statutorily designated distributees who have sustained pecuniary loss by virtue of the decedent's death *(see,* EPTL 5-4.1 [1]; 1-2.5; *Greco v Kresge Co.,* 277 NY 26, 32-33; *McDaniel v Clarkstown Cent. School Dist. No. 1,* 110 AD2d 349, 353, *appeal dismissed* 67 NY2d 918; 21 Carmody-Wait 2d, NY Prac § 130:22, at 705; Prosser and Keeton, Torts § 127, at 955 [5th ed]; *see also, Caffaro v Trayna,* 35 NY2d 245, 248; *Grant v Guidotti,* 66 AD2d 545, *affd* 49 NY2d 622; Stutz v Guardian Cab Corp., 273 App Div 4; Rohan, Practice Commentary, McKinney's Cons Laws of NY, Book 17B, EPTL 5-4.1, at 380; 9A Rohan, NY Civ Prac ¶ 5-4.1 [1]).

In contrast, the Dram Shop Act—remedial in nature—represents a purely statutory species of strict liability, entirely unknown at common law, which creates "an expansive cause of action" *(Matalavage v Sadler, supra,* at 43) affording "[a]ny person" the right to seek "actual and exemplary damages" (General Obligations Law § 11-101 [1]) even where the individual whose death gives rise to the injuries sustained would himself possess no cause of action under the Act *(see, Valicenti v Valenze,* 68 NY2d 826, *supra; Mead v Stratton,* 87 NY 493, *supra; Lyons v Tiedemann,* 135 AD2d 509, *supra; Delamater v Kimmerle,* 104 AD2d 242; *Matalavage v Sadler,* 77 AD2d 39, *supra; Fox v Mercer,* 109 AD2d 59; *see also, D'Amico v Christie,* 71 NY2d 76, 83; *Mitchell v The Shoals, Inc.,* 19 NY2d 338; *Reuter v Flobo Enters.,* 120 AD2d 722; *see also,* Comment, *Intoxication—Liability and Recovery: A Practical Look at New York's Dram Shop Act,* 39 Alb L Rev 15, 17-18 [1974]; Note, *Liability Under the New York Dram Shop Act,* 8 Syracuse L Rev 252 [1957]). It is apparent, therefore, that the dispositive characteristic of the Dram Shop Act cause of action for the purposes of selecting an appropriate period of limitations is not, as the appellants theorize, its provision for the recovery of damages sustained due to death, but rather, its unique status as a statutorily created liability for which no common-law antecedent exists *(see, e.g., State of New York v Cortelle*

*Corp.,* 38 NY2d 83, 86, *supra; see also, State of New York v Stewart's Ice Cream Co.,* 64 NY2d 83, 88).

Accordingly, when considered within the context of the foregoing, it is our conclusion that the appropriate limitations period to be applied to a dram shop action is the three-year period prescribed by CPLR 214 (2), which is expressly applicable to actions " 'to recover upon a liability, penalty or forfeiture created or imposed by statute' " *(see, Aetna Life & Cas. Co. v Nelson,* 67 NY2d 169, 173, quoting from CPLR 214 [2]; *State of New York v Cortelle Corp., supra; State of New York v Danny's Franchise Sys.,* 131 AD2d 746, *lv dismissed* 70 NY2d 940). Since the action at bar was commenced prior to the expiration of three years from its accrual, the appellants' contention that the action is untimely must be rejected and the order appealed from should be affirmed.

BRACKEN, J. P., WEINSTEIN and RUBIN, JJ., concur.

Ordered that the order is affirmed insofar as appealed from, with costs.