■ LUCAS-PLAZA HOUSING DEVELOPMENT CORPORATION et al., Appellants, v RICHARD G. COREY et al., Respondents. [805 NYS2d 9]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered November 17, 2004, which, inter alia, granted

defendants' motions to dismiss the amended complaint, unanimously affirmed, without costs.

This litigation concerns the refinancing of long-term tax-exempt bonds issued in 1982 to finance construction of a low-income housing project in Toledo, Ohio. Plaintiffs, government agencies providing public housing in Ohio, reissued the bonds in 1992 to take advantage of declining interest rates, and retained defendants to structure the refinancing of the bonds. In accordance with the relevant closing documents, the newly issued bonds were sold to defendant UBS's predecessor firm in May 1992, and then assigned to defendant FHA/GNMA Funding I, Inc. (FHA/GNMA), which defeased the bonds in July 1992 by replacing the public housing project with United States Treasury bonds as security for the reissued bonds, thereby enhancing the value of the bonds. FHA/GNMA then resold the defeased bonds and realized a significant profit, which plaintiffs maintain was improper.

The IAS court properly granted defendants' motions to dismiss the action as untimely because the alleged misconduct occurred in 1992 and plaintiffs did not commence this action, asserting causes for breach of contract and fraud, governed by six-year limitations periods (CPLR 213 [2], [8]), until October 2003. Plaintiffs' contention, that the action was timely because they did not learn of the alleged fraudulent scheme until July 2002 when the IRS completed an investigation into several of the defendants, is unavailing, since the record establishes that in 1995, plaintiffs' counsel questioned defendants about the defeasance of the newly issued bonds and whether plaintiffs were entitled to share in the monies generated by the remarketed bonds. "In order to start the limitations period regarding discovery, a plaintiff need only be aware of enough operative facts so that, with reasonable diligence, [it] could have discovered the fraud" (*Watts v Exxon Corp.*, 188 AD2d 74, 76 [1993] [citation and internal quotation marks omitted]; *see also* CPLR 203 [g]). Nor, contrary to plaintiffs' contention, were defendants equitably estopped from relying on the statute of limitations defense. "[E]quitable estoppel does not apply where the misrepresentation or act of concealment underlying the estoppel claim is the same act which forms the basis of plaintiff's underlying substantive cause of action" (*Kaufman v Cohen*, 307 AD2d 113, 122 [2003]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Ellerin, Gonzalez and Catterson, JJ.