■ JANE M. DeLUCA, Defendant-Respondent, v PETER C. De-LUCA, Defendant-Respondent, JANE DOE, et al., Defendants. [851 NYS2d 539]—

Order, Supreme Court, New York County (Laura Visitación-Lewis, J.), entered November 22, 2006, which granted defendant Peter DeLuca's motion to dismiss the complaint and denied plaintiff's cross motion to amend the complaint, unanimously affirmed, without costs.

Plaintiff seeks to vacate the stipulation of settlement executed by the parties in their divorce action and incorporated, but not merged, into their 1998 judgment of divorce on the ground that defendant fraudulently concealed assets from her and colluded with others to tamper with the divorce proceedings.

A cause of action based on fraud must be commenced within six years from the time of the fraud, or within two years from the time the fraud was discovered or with reasonable diligence could have been discovered, whichever is later (see CPLR 213 [8]; 203 [g]; Saphir Intl., SA v UBS PaineWebber Inc., 25 AD3d 315 [2006]).

Here, the fraud allegedly occurred, and plaintiff's cause of action accrued, prior to execution of the stipulation of settlement on July 13, 1998, more than six years before her complaint was filed. In "late 2003," plaintiff was put on inquiry notice of the facts she now claims were fraudulently concealed from her, yet her complaint was filed more than two years thereafter. Accordingly, her cause of action is time-barred (see Lucas-Plaza Hous. Dev. Corp. v Corey, 23 AD3d 217 [2005]; TMG-II v Price Waterhouse & Co., 175 AD2d 21 [1991], lv denied 79 NY2d 752 [1992]). Because we hold the action untimely, we do not reach the issue of whether the fraud was sufficiently pleaded. Concur—Lippman, P.J., Tom, Nardelli, Catterson and Moskowitz, JJ.

■ In the Matter of ROY TAYLOR, Petitioner, v THOMAS FARBER, Respondent. [851 NYS2d 897]—Application for an order pursuant to article 78 of the Civil Practice Law and Rules denied and the petition dismissed, without costs or disbursements. All concur. No opinion. Order filed. Concur—Lippman, P.J., Tom, Nardelli, Catterson and Moskowitz, JJ.