■ Manuel J. Parrish, Also Known as Man Parrish, Appellant, v Unidisc Music, Inc., et al., Respondents. [892 NYS2d 45]—

Plaintiff entered into a recording agreement with defendants' predecessor in 1982 pursuant to which he would receive royalties based on the sale of his recordings. In October 1983, the parties agreed to terminate the recording agreement thereby freeing plaintiff to record music for other companies. The termination agreement also provided that plaintiff was no longer entitled to further royalties; plaintiff's signature appears on the termination agreement. Thereafter, in 1998, plaintiff's counsel contacted defendants inquiring into plaintiff's entitlement to royalties, and defendants' counsel replied that as per the termination agreement, plaintiff was no longer entitled to receive such royalties. In 2004, plaintiff commenced this action alleging, inter alia, breach of contract and seeking a declaration that his signature on the termination agreement was a forgery.

"A cause of action based on fraud must be commenced within six years from the time of the fraud, or within two years from the time the fraud was discovered or with reasonable diligence could have been discovered, whichever is later" (*DeLuca v DeLuca*, 48 AD3d 341 [2008]; see CPLR 213 [8]; 203 [g]). Here, the record shows that plaintiff was put on notice of the alleged fraud in 1998, when he learned that based on the termination agreement signed by him, defendants claimed a right to his work, but plaintiff failed to further investigate their claim at that time, and did not file suit within two years of when the alleged fraud should have been discovered (*see Prestandrea v Stein*, 262 AD2d 621, 622 [1999]). Since this action was untimely commenced, we decline to reach the issue of whether the fraud was sufficiently pleaded (*see DeLuca*, 48 AD3d at 341).

Plaintiff's remaining claims for breach of contract, unjust enrichment and rescission are barred by the documentary evidence, i.e., the unambiguous terms of the termination agreement, and the applicable statute of limitations (*see* CPLR 213 [2]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Mazzarelli, Nardelli, Acosta and Román, JJ.