■ Frederick B. Whittemore, Respondent, v Edwin H. Yeo, III, et al., Defendants, and Yeo Farms, L.L.C., Appellant. [977 NYS2d 15]—

Judgment, Supreme Court, New York County (Richard F. Braun, J.), entered June 1, 2012, awarding plaintiff damages, and bringing up for review an order, same court and Justice, entered June 1, 2012, which, to the extent appealed from as limited by the briefs, severed plaintiff's unjust enrichment cause of action and directed that the Clerk enter a default judgment thereupon in favor of plaintiff as against defendant Yeo Farms, L.L.C. (Yeo Farms) in the amount of $1,182,546 together with interest from August 13, 2009, unanimously affirmed, with costs.

Documentary evidence in the form of, inter alia, letters of credit drawn on plaintiff's personal investment account to guaranty a loan obligation undertaken by Yeo Farms, together with plaintiff's inquest testimony, established a prima facie claim that Yeo Farms was unjustly enriched, at plaintiff's expense, when Yeo Farms defaulted on its loan obligation and monies were drawn from plaintiff's personal account to cover the principal owing by Yeo Farms in accordance with the terms of the letters of credit, including attendant bank fees (*see generally Georgia Malone & Co., Inc. v Rieder*, 19 NY3d 511 [2012]). The fair import of the whole of plaintiff's inquest testimony, viewed in relation to the chronology of the parties' eventual partnership regarding an unrelated investment venture, made clear that plaintiff had made the guaranty as a favor to his then friend, defendant Edwin Yeo, who was the principal of Yeo Farms. The parties' arrangement as to the guaranty was not shown to be grounded in any contractual agreement as between

them and, as such, plaintiff's unjust enrichment claim remained a viable cause of action (*see generally IIG Capital LLC v Archipelago, L.L.C.*, 36 AD3d 401 [1st Dept 2007]).

Yeo Farms's argument that plaintiff's unjust enrichment claim was untimely asserted is unavailing, as Yeo Farm's default in appearing in the action waived any affirmative defenses (*see Marine Midland Bank v Worldwide Indus. Corp.*, 307 AD2d 221 [1st Dept 2003]). In any event, even assuming Yeo Farms had timely asserted a statute of limitations defense, plaintiff's obligations on the guaranty did not accrue until Yeo Farms defaulted on the loan in May 2009, and plaintiff commenced the instant action in March 2010, well within the applicable six-year "catchall" statute of limitations for bringing an unjust enrichment claim (*see generally* CPLR 213; *Maya NY, LLC v Hagler*, 106 AD3d 583 [1st Dept 2013]; *Parrish v Unidisc Music, Inc.*, 68 AD3d 566 [1st Dept 2009]).

To the extent Yeo Farms argues that plaintiff had a duty to mitigate damages in relation to its seventh cause of action, Yeo Farms has failed in its burden to demonstrate plaintiff's failure to mitigate, including the extent to which damages allegedly could have been litigated (*see generally Cornell v T.V. Dev. Corp.*, 17 NY2d 69 [1966]). In any event, the damages questioned were due pursuant to the terms of letters of credit whose sums were certain, together with attendant bank fees that were readily calculable pursuant to the participating bank's letter of credit fee terms (*see generally* CPLR 3215 [a]; *Reynolds Sec. v Underwriters Bank & Trust Co.*, 44 NY2d 568, 572 [1978]).

We have considered Yeo Farms's remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Andrias, Saxe, Richter and Clark, JJ.