Power Up Lending Group, Ltd. v Cardinal Resources, Inc. (2018 NY Slip Op 02351)





Power Up Lending Group, Ltd. v Cardinal Resources, Inc.


2018 NY Slip Op 02351


Decided on April 4, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-09539
2016-12555
 (Index No. 601388/16)

[*1]Power Up Lending Group, Ltd., appellant, 
v
Cardinal Resources, Inc., et al., defendants.


Naidich Wurman, LLP, Great Neck, NY (Robert P. Johnson of counsel), for appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of two loan agreements, the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered August 16, 2016, which granted its unopposed motion pursuant to CPLR 3215(a) for leave to enter a default judgment against the defendants in the amount of $66,264.90 only to the extent of directing the entry of a judgment in the amount of $17,349.90, and (2), as limited by its brief, from so much of an order of the same court entered November 22, 2016, as, upon reargument, adhered to the original determination.
ORDERED that the appeal from the order entered August 16, 2016, is dismissed, without costs or disbursements, as that order was superseded by the order entered November 22, 2016, made upon reargument; and it is further,
ORDERED that the order entered November 22, 2016, is reversed insofar as appealed from, on the law, without costs or disbursements, upon reargument, the order entered August 16, 2016, is vacated, and the plaintiff's unopposed motion pursuant to CPLR 3215(a) for leave to enter a default judgment against the defendants in the amount of $66,264.90 is granted in its entirety.
The plaintiff commenced this action on March 2, 2016, inter alia, to recover damages for breach of two loan agreements. The plaintiff alleged that the defendants defaulted on both loans on February 16, 2016, and that the total balance owed pursuant to both agreements was $66,264.90. The defendants did not appear in the action or interpose an answer, and the plaintiff moved pursuant to CPLR 3215 for leave to enter a default judgment against them in the amount of $66,264.90. The defendants did not oppose the motion.
By order entered August 16, 2016, the Supreme Court determined that certain provisions of both agreements were illegal under the criminal usury statute, and severed those provisions of the agreements. The court then calculated the amount that was owed to the plaintiff after severing those provisions of the agreements, and granted the plaintiff's motion only to the extent of directing the entry of a judgment in the amount of $17,349.90.
The plaintiff moved for leave to reargue its motion for leave to enter a default judgment against the defendants in the amount of $66,264.90. By order entered November 22, 2016, the court granted reargument and, upon reargument, adhered to its original determination. We reverse the order entered November 22, 2016, insofar as appealed from.
Pursuant to CPLR 3215, a plaintiff may seek a default judgment against a defendant who fails to appear or answer (see CPLR 3215; U.S. Bank, N.A. v Razon, 115 AD3d 739, 740). A plaintiff moving for a default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the cause of action, and proof of the defaulting defendant's failure to answer or appear (see CPLR 3215[f]; Allstate Prop. & Cas. Ins. Co. v Carrier, 147 AD3d 889, 890; Todd v Green, 122 AD3d 831, 832; U.S. Bank N.A. v Poku, 118 AD3d 980; U.S. Bank N.A. v Razon, 115 AD3d at 740; Cruz v Keter Residence, LLC, 115 AD3d 700; C & H Import & Export, Inc. v MNA Global, Inc., 79 AD3d 784).
Here, the plaintiff, by its submissions, met all of these requirements and, thus, demonstrated its entitlement to a default judgment against the defendants in the amount of $66,264.90 (see Todd v Green, 122 AD3d at 832; Oak Hollow Nursing Ctr. v Stumbo, 117 AD3d 698, 699). The Supreme Court erred when it severed those provisions of the agreements which it found to be illegal pursuant to the criminal usury statute. Usury is an affirmative defense which a defendant must either assert in an answer or as a ground to move to dismiss the complaint pursuant to CPLR 3211. Otherwise, the defense is waived (see CPLR 3211[e]; 3018[b]; Whittemore v Yeo, 112 AD3d 475, 476; Hochman v LaRea, 14 AD3d 653, 654).
In light of our determination, the plaintiff's remaining contention has been rendered academic.
Accordingly, the Supreme Court should have, upon reargument, granted the plaintiff's unopposed motion which was for leave to enter a default judgment against the defendants in the amount of $66,264.90 in its entirety.
LEVENTHAL, J.P., HINDS-RADIX, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court