Murray v Stone (2023 NY Slip Op 01749)

Murray v Stone

2023 NY Slip Op 01749

Decided on March 30, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 30, 2023

Before: Manzanet-Daniels, J.P., Singh, Kennedy, Shulman, JJ. 

Index No. 157220/21 Appeal No. 17562 Case No. 2022-01913 

[*1]Angus Murray et al., Plaintiffs-Appellants,
v
Jason Stone et al., Defendants-Respondents.

Zukerman Gore Brandeis & Crossman, LLP, New York (Frank C. Welzer of counsel), for appellants.
Blank Rome LLP, New York (Mara B. Levin of counsel), for respondents.

Order, Supreme Court, New York County (Jennifer Schecter, J.), entered on or about April 6, 2022, which granted defendants' motion to dismiss the complaint as time-barred, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated.
Plaintiffs allege that defendants, a South African hunting business and its owner, fraudulently induced them to pay for further hunting excursions by misrepresenting that the sizes of animals that plaintiffs killed qualified for entry in official hunting record books.
The complaint alleges that defendants "significantly exaggerated" some animals' sizes by a foot or more, and acknowledges that defendants' measurements "differed dramatically" from those taken by plaintiffs' independent measurer. Defendants moved to dismiss the complaint as time-barred. Defendants maintain that the taxidermy mounts "contain[ed] information that should have alerted plaintiffs to the alleged wrongdoing, and . . . were available to plaintiffs at all relevant times" (Lentini v Lentini, 280 AD2d 330, 330 [1st Dept 2001]; see also Lucas-Plaza Hous. Dev. Corp. v Corey, 23 AD3d 217, 218 [1st Dept 2005]).
Fraud claims must be commenced within "the greater of six years from the date the cause of action accrued or two years from the time the plaintiff . . . discovered the fraud, or could with reasonable diligence have discovered it" (CPLR 213[8]).
Assuming, arguendo, that defendants met their prima facie burden on the motion, an issue of fact exists as to whether plaintiffs were on inquiry notice of the fraud more than two years before they commenced the action (see Epiphany Community Nursery Sch. v Levey, 171 AD3d 1, 7 [1st Dept 2019]). The mere fact that plaintiffs were in possession of the taxidermy mounts is not tantamount to awareness that they had been defrauded (see Sargiss v Magarelli, 12 NY3d 527, 532 [2009] ["Where it does not conclusively appear that a plaintiff had knowledge of the facts from which the fraud could reasonably be inferred, a complaint should not be dismissed on motion"] [internal quotation marks omitted]; De Sole v Knoedler Gallery, 974 F Supp 2d 274, 297-298 [SD NY 2013] [finding that the failure to forensically examine painting did not trigger two-year period when the plaintiffs had no reason to doubt the painting's authenticity]. There was no reason for plaintiffs to have remeasured the animals when the SCI, the governing body for hunting, had already accepted them for placement in the record books, lending credibility to the false measurements (see CSAM Capital, Inc. v Lauder, 67 AD3d 149, 155-156 [1st Dept 2009]; De Sole, 974 F Supp 2d at 297-299 [the plaintiffs were not on inquiry notice when they were told that authoritative parties had authenticated the painting]). The differences between defendant Stone's false measurements and the accurate measurements are slight to the untrained eye (see CSAM Capital, 67 AD3d at 155). Finally, it should be noted that the mounts were not [*2]readily accessible, but were located in Mittagong, Australia. Under these circumstances, it cannot be conclusively said that plaintiffs had knowledge of the facts from which fraud might be inferred so as to render their claims untimely.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 30, 2023