■ VERNA DANIELS, Appellant, v KING CHICKEN & STUFF, INC., Respondent. [827 NYS2d 186]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Pagones, J.), dated January 18, 2005, which, in effect, denied her motion for leave to enter a judgment against the defendant upon its default in appearing or answering and, sua sponte, dismissed the complaint for lack of personal jurisdiction.

Ordered that on the Court's own motion, the plaintiff's notice of appeal is treated as an application for leave to appeal from so much of the order as, sua sponte, dismissed the complaint for lack of personal jurisdiction, and leave to appeal is granted from that portion of the order (see CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof dismissing the complaint; as so modified, the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Dutchess County, for further proceedings in accordance herewith.

The Supreme Court providently exercised its discretion by, in effect, denying the plaintiff's motion for leave to enter a judgment upon the defendant's default in appearing or answering, as the plaintiff failed to present proof of valid service of the summons and complaint (see CPLR 3215 [f]; Levi v Oberlander, 144 AD2d 546, 547 [1988]). However, the Supreme Court erred in sua sponte dismissing the complaint for lack of personal jurisdiction. CPLR 306-b provides that a court may only dismiss a complaint for failure to effect timely service of process "upon motion," not on its own initiative (see CPLR 306-b). Here, the defendant did not seek dismissal of the complaint. Additionally, CPLR 311 (a) (1) provides, in relevant part, that personal service upon a corporation shall be made by delivering the summons to a "managing or general agent." The affidavit of service of the summons and complaint indicates that it was served on the "manager" of the defendant. The plaintiff should be afforded the opportunity to demonstrate that the manager's position called for "judgment and discretion" sufficient to make the

manager a "managing agent" within the meaning of CPLR 311 (a) (1) (*Sobhan v Ashland Chem. Co.*, 101 AD2d 858 [1984]; *see Colbert v International Sec. Bur.*, 70 AD2d 945 [1979], *affd* 49 NY2d 988 [1980]). Schmidt, J.P., Mastro, Spolzino and Lunn, JJ., concur.