JULES B. PUTTERMAN, Respondent, v RAGIN WENK-WOLFF, Appellant. [938 NYS2d 445]—

In this matrimonial action, the Supreme Court issued an order dated January 6, 2010, which, inter alia, granted the plaintiff's motion to enforce certain provisions of the judgment of divorce, which incorporated, but did not merge, a stipulation settlement dated January 5, 2009, by directing the defendant to transfer certain sums to him. Upon granting the defendant leave to reargue, the Supreme Court properly adhered to its original determination. The defendant failed to demonstrate that the Supreme Court, in determining the amounts due each party under the stipulation of settlement, overlooked or misapprehended either the husband's 401K withdrawals or the valuation date agreed to by the parties for valuing retirement assets (*see* CPLR 2221 [d] [2]). The 401K withdrawals occurred prior

to the execution of the stipulation of settlement, in which the parties waived any right to a distributive award other than expressly set forth in the stipulation of settlement. Contrary to the defendant's contention, neither the stipulation of settlement nor a prior order dated October 9, 2009, set forth a valuation date of January 5, 2009, for retirement assets, as opposed to nonretirement assets. The account statements submitted by the defendant were improperly submitted for the first time on her motion, which was only denominated as one for leave to reargue (see CPLR 2221 [d] [1], [2]), nor did she provide a reasonable justification for not submitting them in her original opposition to the plaintiff's notice of settlement and proposed order so as to support a motion for leave to renew (cf. CPLR 2221 [e] [3]).

That branch of the defendant's motion which was for an award of an attorney's fee was properly denied. The stipulation of settlement between the parties governs any award of attorneys' fees on a motion to enforce the stipulation. That branch of the defendant's motion which was to enforce the stipulation of settlement did not result in an order in her favor, and thus she was not entitled to an award of an attorney's fee for prosecution of that branch of her motion. Moreover, the defendant did not prevail on the remainder of her motion. Mastro, A.P.J., Florio, Lott and Cohen, JJ., concur.