KRISTINA DUPPS et al., Appellants, v JESSICA BETANCOURT et al., Respondent, et al., Defendants. [952 NYS2d 585]—

"On a motion for leave to enter a default judgment pursuant to CPLR 3215, the movant is required to submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting party's default in answering or appearing" (*Atlantic Cas. Ins. Co. v RJNJ Servs., Inc.*, 89 AD3d 649, 651 [2011]; *see* CPLR 3215 [f]). Here, on the plaintiffs' motion for leave to enter a default judgment, the plaintiffs submitted all of these things with respect to the defendant Jessica Betancourt. Accordingly, the Supreme Court should have granted that branch of the plaintiffs' motion which

was for leave to enter a default judgment against Betancourt, and should not have, sua sponte, directed the dismissal of the complaint insofar as asserted against Betancourt.

The Supreme Court properly determined that the plaintiffs failed to make a prima facie showing that they properly served the defendants Alexis Samuels, Commerce America Banking Center, and Bank of New York with copies of the summons and complaint (*see* CPLR 308 [4]; 311 [a] [1]; *Prudence v Wright*, 94 AD3d 1073, 1074 [2012]; *Gray v Giannikios*, 90 AD3d 836, 837 [2011]; *Leviton v Unger*, 56 AD3d 731, 732 [2008]). Accordingly, the Supreme Court properly denied those branches of the plaintiffs' motion which were for leave to enter a default judgment against those defendants. However, because improper service of the summons and complaint is a defense that may be waived (*see* CPLR 3211 [e]), the Supreme Court should not have, sua sponte, directed the dismissal of the complaint insofar as asserted against those defendants. Skelos, J.P., Leventhal, Chambers and Lott, JJ., concur.