■ ANDREW C. TODD, Appellant, v DELROY GREEN, Respondent. [997 NYS2d 155]—

In an action, inter alia, to recover damages for breach of an oral agreement, the plaintiff appeals from an order of the Supreme Court, Nassau County (Marber, J.), entered August 15, 2013, which denied his unopposed motion pursuant to CPLR 3215 for leave to enter judgment against the defendant upon his failure to answer or appear, with leave to renew upon submission of a proper affidavit.

Ordered that the order is reversed, on the law, without costs or disbursement, and the plaintiff's unopposed motion pursuant to CPLR 3215 for leave to enter a judgment against the defendant upon his failure to answer or appear is granted.

In 2007, the plaintiff allegedly leased a used 2004 Mercedes Benz automobile from a third-party creditor for use by the defendant. The plaintiff and the defendant allegedly entered into an oral agreement, pursuant to which the defendant agreed to make all of the monthly installment payments. In or around late 2011, the defendant stopped making the monthly payments. As a result, the creditor repossessed the vehicle, and sought payment from the plaintiff in the principal amount of $22,407.12, plus $3,368.07 in interest, for a total amount due of $25,775.19.

In 2012, the plaintiff, a resident of the State of Georgia, commenced this action against the defendant, alleging breach of contract and unjust enrichment. On June 22, 2012, the defendant was served with a copy of the summons and complaint pursuant to CPLR 308 (1). He neither appeared in the action, interposed an answer, nor otherwise moved with respect thereto. Thereafter, the plaintiff moved pursuant to CPLR 3215 for leave to enter a default judgment. The Supreme Court determined that the plaintiff's affidavit of merit, notarized in Georgia, lacked a proper certificate of conformity as required by CPLR 2309 (a), and denied the motion, with leave to renew upon the submission of a proper affidavit. The plaintiff appeals.

" 'A party's right to recover upon a defendant's failure to appear or answer is governed by CPLR 3215' " (*U.S. Bank, N.A. v Razon*, 115 AD3d 739, 740 [2014], quoting *Beaton v Transit Fa-*

*cility Corp.*, 14 AD3d 637, 637 [2005]). Thus, a plaintiff moving for a default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting defendant's failure to appear or answer (*see* CPLR 3215 [f]; *U.S. Bank N.A. v Poku*, 118 AD3d 980 [2014]; *U.S. Bank, N.A. v Razon*, 115 AD3d at 740; *Cruz v Keter Residence, LLC*, 115 AD3d 700 [2014]). Here, in support of his motion to enter a default judgment, the plaintiff met all of these requirements (*see U.S. Bank N.A. v Poku*, 118 AD3d 980 [2014]). Although the Supreme Court found that the plaintiff's affidavit lacked a proper certificate of conformity, it should have considered the affidavit since the absence of a certificate of conformity is not a fatal defect (*see Midfirst Bank v Agho*, 121 AD3d 343 [2014]; *Gonzalez v Perkan Concrete Corp.*, 110 AD3d 955, 960 [2013]; *Fredette v Town of Southampton*, 95 AD3d 940, 942 [2012]). Further, even if the subject certificate of conformity was inadequate, the defendant failed to answer or appear in opposition to the motion, and it was inappropriate for the Supreme Court to, sua sponte, raise the issue on the defendant's behalf (*see Midfirst Bank v Agho*, 121 AD3d 343 [2014]).

Accordingly, the Supreme Court should have granted the plaintiff's motion for leave to enter a default judgment against the defendant upon his failure to appear or answer the complaint. Dillon, J.P., Chambers, Cohen and Maltese, JJ., concur.