DLJ MORTGAGE CAPITAL, INC., Appellant, v UNITED GENERAL TITLE INSURANCE COMPANY et al., Defendants. [9 NYS3d 335]—

In an action, inter alia, to impose an equitable mortgage upon real property, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (Nahman, J.), dated December 18, 2012, which denied its unopposed motion pursuant to CPLR 3215 for leave to enter judgment against the defendant Orrett Strachan upon that defendant's failure to appear or answer the complaint, (2) from an order of the same court (Lebowitz, J.), dated April 24, 2013, which denied its unopposed motion pursuant to CPLR 3215 for leave to enter judgment against the defendants Orrett Strachan and UM Capital, LLC, upon their failure to appear or answer the complaint, and (3), as limited by its brief, from so much of an order of the same court (Lebowitz, J.), dated July 30, 2013, as denied that branch of its unopposed motion which was to extend the time to move pursuant to CPLR 3215 for leave to enter judgment against the defendants Orrett Strachan and UM Capital, LLC, upon their failure to appear or answer the complaint.

Ordered that the orders dated December 18, 2012, and April 24, 2013, are affirmed, without costs or disbursements; and it is further,

Ordered that the order dated July 30, 2013, is affirmed insofar as appealed from, without costs or disbursements.

" 'A party's right to recover upon a defendant's failure to appear or answer is governed by CPLR 3215' " (*U.S. Bank, N.A. v Razon*, 115 AD3d 739, 740 [2014], quoting *Beaton v Transit Facility Corp.*, 14 AD3d 637, 637 [2005]; *see Todd v Green*, 122 AD3d 831, 831-832 [2014]). "Thus, a plaintiff moving for a default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting defendant's failure to appear or answer" (*Todd v Green*, 122 AD3d at 832; *see* CPLR 3215 [f]; *Triangle Props. # 2, LLC v Narang*, 73 AD3d 1030, 1032 [2010]).

In its order dated December 18, 2012, the Supreme Court properly denied the plaintiff's unopposed motion for leave to enter a default judgment against the defendant Orrett Strachan on the ground that the plaintiff failed to submit proof of service of the summons and complaint with its motion.

In its order dated April 24, 2013, the Supreme Court also properly denied that branch of the plaintiff's second, unopposed motion which was for leave to enter a default judgment

against Strachan. The plaintiff failed to submit an affidavit of the facts constituting the claim (*see* CPLR 3215 [f]). While a verified complaint may be used as the affidavit of the facts constituting the claim (*see* CPLR 3215 [f]), it must contain evidentiary facts from one with personal knowledge (*see Triangle Props. # 2, LLC v Narang*, 73 AD3d at 1032; *Blam v Netcher*, 17 AD3d 495 [2005]). "[A] pleading verified by an attorney pursuant to CPLR 3020 (d) (3) is insufficient to establish its merits" (*Triangle Props. # 2, LLC v Narang*, 73 AD3d at 1032; *see Juseinoski v Board of Educ. of City of N.Y.*, 15 AD3d 353, 356 [2005]; *Saks v New York City Health & Hosps. Corp.*, 302 AD2d 213 [2003]).

The Supreme Court also properly denied that branch of the plaintiff's second, unopposed motion which was for leave to enter a default judgment against the defendant UM Capital, LLC (hereinafter UM), since the plaintiff's motion was made more than one year after that defendant's default (*see* CPLR 3215 [c]), the plaintiff failed to proffer a reasonable excuse for its delay, and failed to show that the complaint was potentially meritorious (*see Solano v Castro*, 72 AD3d 932, 933 [2010]; *Staples v Jeff Hunt Devs., Inc.*, 56 AD3d 459, 460 [2008]; *Mattera v Capric*, 54 AD3d 827, 828 [2008]; *State St. Bank & Trust Co. v Francis*, 284 AD2d 324, 325 [2001]).

In its order dated July 30, 2013, the Supreme Court properly denied that branch of the plaintiff's third, unopposed motion which was to extend its time to move for leave to enter a default judgment against Strachan and UM, since the plaintiff again failed to proffer a reasonable excuse for its delay, and failed to show that the complaint was potentially meritorious (*see Solano v Castro*, 72 AD3d at 933). Chambers, J.P., Dickerson, LaSalle and Barros, JJ., concur.