■ SALEM BOUDINE, Appellant, v GOLDMAKER, INC., Doing Business as ESTELLE CAFFE LOUNGE, et al., Defendants. [14 NYS3d 405]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Walker, J.), dated July 11, 2014, which denied his unopposed motion, in effect, pursuant to CPLR 3215 for leave to enter a default judgment against the defendant Peter Miller.

Ordered that the order is reversed, on the law, without costs or disbursements, and the plaintiff's motion, in effect, for leave to enter a default judgment against the defendant Peter Miller is granted.

The plaintiff, while a patron at a bar, allegedly sustained injuries when he was assaulted by several bar patrons who were underage and intoxicated. The plaintiff commenced this action against several defendants, all of whom allegedly owned or operated the subject bar, including Goldmaker, Inc., doing business as Estelle Caffe Lounge (hereinafter Goldmaker) and Peter Miller, the principal of Goldmaker. The plaintiff sought to recover damages, inter alia, for common-law negligence and for violation of General Obligations Law § 11-101, known as the Dram Shop Act. That statute provides that a party who "unlawfully" sells alcohol to another person is liable for injuries caused by reason of that person's intoxication (*see* *Adamy v Ziriakus*, 92 NY2d 396, 400 [1998]; *Sullivan v Mulinos of Westchester, Inc.*, 114 AD3d 844, 845 [2014]; *see also* General Obliga-

tions Law § 11-100; Alcoholic Beverage Control Law § 65 [1], [2]). The Dram Shop Act is a statutory cause of action, unknown at common law, which creates " 'an expansive cause of action' " and imposes strict liability (*Bongiorno v D.I.G.I., Inc.*, 138 AD2d 120, 127 [1988], quoting *Matalavage v Sadler*, 77 AD2d 39, 43 [1980]; *see Mead v Stratton*, 87 NY 493, 496-497 [1882]; *Bertholf v O'Reilly*, 74 NY 509 [1878]).

Goldmaker and Miller failed to answer or appear in the action. The plaintiff moved, in effect, pursuant to CPLR 3215 for leave to enter a default judgment against Miller. The Supreme Court denied the unopposed motion on the ground that the plaintiff failed to supply an "affidavit of facts demonstrating" Miller's liability.

"On a motion for leave to enter a default judgment pursuant to CPLR 3215, the movant is required to submit proof of service of the summons and complaint, proof of the facts constituting [his or her] claim, and proof of the defaulting party's default in answering or appearing" (*Atlantic Cas. Ins. Co. v RJNJ Servs., Inc.*, 89 AD3d 649, 651 [2011]; *see* CPLR 3215 [f]; *Dupps v Betancourt*, 99 AD3d 855 [2012]). Generally, where a defendant has defaulted in appearing or answering a complaint, he or she will be "deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (*Mortgage Elec. Registration Sys., Inc. v Smith*, 111 AD3d 804, 806 [2013] [citations and internal quotation marks omitted]).

Here, in support of his motion for leave to enter a default judgment against Miller, the plaintiff submitted proof of service of the summons and complaint and proof of Miller's default in answering or appearing. Further, contrary to the Supreme Court's determination, the plaintiff submitted sufficient confirmation of the facts constituting the claims against Miller. Among other things, he submitted an "affidavit of merit" setting forth the facts constituting the claims (*see* CPLR 3215 [f]; *cf. DLJ Mtge. Capital, Inc. v United Gen. Tit. Ins. Co.*, 128 AD3d 760 [2d Dept 2015]; *Joosten v Gale*, 129 AD2d 531, 535 [1987]). Accordingly, the Supreme Court should have granted the plaintiff's unopposed motion, in effect, pursuant to CPLR 3215 for leave to enter a default judgment against Miller (*see* CPLR 3215 [f]; *Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 70-71 [2003]; *U.S. Bank N.A. v Poku*, 118 AD3d 980, 981 [2014]; *Dupps v Betancourt*, 99 AD3d 855 [2012]). Balkin, J.P., Austin, Miller and Maltese, JJ., concur.