GLENWOOD MASON SUPPLY CO., INC., Appellant, v DOMINICK FRANTELLIZZI, Individually and Doing Business as CITY VIEW MASONRY, et al., Defendants. [31 NYS3d 107]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so

much of an order of the Supreme Court, Queens County (Weiss, J.), entered April 29, 2015, as denied those branches of its unopposed motion which were pursuant to CPLR 3215 for leave to enter a default judgment against the defendant Dominick Frantellizzi, individually, upon his failure to appear or answer the complaint, and for an award of an attorney's fee.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was pursuant to CPLR 3215 for leave to enter a default judgment against the defendant Dominick Frantellizzi, individually, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

"On a motion for leave to enter a default judgment pursuant to CPLR 3215, the movant is required to submit proof of service of the summons and complaint, proof of the facts constituting its claim, and proof of the defaulting party's default in answering or appearing" (*Atlantic Cas. Ins. Co. v RJNJ Servs., Inc.*, 89 AD3d 649, 651 [2011]; *see* CPLR 3215 [f]; *Dupps v Betancourt*, 99 AD3d 855, 855 [2012]). A defendant who has defaulted in answering admits all traversable allegations in the complaint, including the basic allegation of liability, but does not admit the plaintiff's conclusion as to damages (*see Rokina Opt. Co. v Camera King*, 63 NY2d 728, 730 [1984]; *425 E. 26th St. Owners Corp. v Beaton*, 128 AD3d 766, 769 [2015]; *Paulus v Christopher Vacirca, Inc.*, 128 AD3d 116, 126 [2015]).

Here, the Supreme Court should have granted that branch of the plaintiff's unopposed motion which was pursuant to CPLR 3215 for leave to enter a default judgment against the defendant Dominick Frantellizzi, individually. In support of that branch of its unopposed motion, the plaintiff submitted proof of service of the summons and complaint upon Frantellizzi, proof of the facts constituting its claim against that defendant, and evidence of his default in answering the complaint or appearing in the action (*see Loaiza v Guzman*, 111 AD3d 608, 609 [2013]; *Dupps v Betancourt*, 99 AD3d at 855). Contrary to the Supreme Court's determination, by defaulting, Frantellizzi is deemed to have admitted the factual allegations in the complaint, including the allegation that he "personally . . . agreed and promised to pay [the] [p]laintiff" for the subject goods (*see 425 E. 26th St. Owners Corp. v Beaton*, 128 AD3d at 769).

The plaintiff's remaining contention is without merit. Chambers, J.P., Austin, Roman and Duffy, JJ., concur.