OPINION OF THE COURT
Alexander M. Tisch, J.
The applicant[1] first came to this court seeking a name change from E.R.F. to R.A.G. An order of this court (d’Auguste, J.), *458 dated June 26, 2014, granted the application for a name change. R.A.G. now seeks a supplemental order, in compliance with Colorado law, to have the gender on his birth certificate changed from female to male in order to properly reflect his current gender. While the prior order permits the name listed on the birth certificate to be changed, the State of Colorado, unlike the State of New York,[2] requires a court order considering medical records in order to change the gender on an individual’s birth certificate. New York’s less demanding standard was readily met with the notarized letter, signed under penalty of perjury, from K.L.R., DO, FACOS, dated March 21, 2016.[3]
Colorado, however, has a more rigorous burden of proof that requires a court order. Colorado’s statute expressly states:
“Upon receipt of a certified copy of an order of a court of competent jurisdiction indicating that the sex of an individual born in this state has been changed by surgical procedure and that such individual’s name has been changed, the certificate of birth of such individual shall be amended as prescribed by regulation.” (Colo Rev Stat Ann § 25-2-115 [4].)
In compliance with the standards of Colorado law, this court conducted a hearing on June 16, 2016 in which it considered the medical records of R.A.G. On March 16, 2016, at CKHS Surgery Center at Haverford, 2010 West Chester Pike No. 212, Havertown, PA 19083, K.L.R., DO, FACOS, performed gender *459 reassignment surgery. At this juncture, R.A.G. is deemed to be of the male gender.
In the interests of justice, the court grants the relief requested. Accordingly, it is ordered that the appropriate governmental agency, the Colorado Department of Health and Public Environment, or any other governmental agency that is responsible for maintaining the birth certificate for R.A.G. shall change the gender designation thereon from female to male.

. The applicant in this proceeding is D.R.G., as parent of the minor child, formerly known as E.R.F., because at the time the application for the name change was made, the individual was a minor. However, the individual that this order concerns is presently 18 years old.

. Under New York law, a new birth certificate may be issued when an individual, as required by the New York City Health Code, “provide [s] proof of a court-ordered name change and proof satisfactory to the Department that the individual has undergone convertive surgery.” (Matter of Birney v New York City Dept. of Health & Mental Hygiene, 34 Misc 3d 1243[A], 2012 NY Slip Op 50520[U], *9 [Sup Ct, NY County 2012], citing 24 RCNY 207.05 [a] [5].) The NY City Health Code provides the following:
“[a] new birth certificate shall be filed when: ... [a] person files either an affirmation from a physician (MD or DO) licensed to practice medicine in the United States and who is in good standing, to affirm that in keeping with contemporary expert standards regarding gender identity, the applicant’s requested correction of sex designation of male or female more accurately reflects the applicant’s sex or gender identity.” (24 RCNY 207.05 [a] [5] [i] [A].)

. The affirmation of K.L.R., DO, FACOS, which was notarized in Pennsylvania, is sufficient despite the fact that it was submitted without a certificate of conformity as required by CPLR 2309 (c), since this is not a fatal defect. (Todd v Green, 122 AD3d 831, 831 [2d Dept 2014].)