██ BANK OF NEW YORK MELLON, as Indenture Trustee for AMERICAN HOME MORTGAGE INVESTMENT TRUST 2004-4, Appellant, v SAKADAWEN VYTALINGAM et al., Defendants. [42 NYS3d 274]—

---

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Grays, J.), entered May 15, 2014, which denied its unopposed motion

for summary judgment dismissing the affirmative defenses and counterclaim of the defendants Sakadawen Vytalingam and Jaishree Monedatt.

Ordered that the order is reversed, on the law, without costs or disbursements, and the plaintiff's motion for summary judgment dismissing the affirmative defenses and counterclaim of the defendants Sakadawen Vytalingam and Jaishree Monedatt is granted.

In this action to foreclosure a mortgage, the plaintiff moved for summary judgment dismissing the affirmative defenses and counterclaim of the defendants Sakadawen Vytalingam and Jaishree Monedatt (hereinafter together the defendants). The plaintiff demonstrated its prima facie entitlement to judgment as a matter of law dismissing the defendants' affirmative defenses, which alleged, inter alia, failure to comply with the notice requirements of RPAPL 1303 and 1304, lack of personal jurisdiction for failure to properly serve the summons and complaint, and lack of standing, as well as their counterclaim for rescission (*see Generation Mtge. Co. v Medina*, 138 AD3d 688 [2016]; *TD Bank, N.A. v Mandia*, 133 AD3d 590 [2015]).

The Supreme Court should have considered the affidavit of the plaintiff's loan servicer notwithstanding that it was subscribed and sworn to out of state and not accompanied by a certificate of conformity as required by CPLR 2309 (c), as such a defect is not fatal, and no substantial right of the defendants was prejudiced by disregarding the defect (*see* CPLR 2001; *Deutsche Bank Natl. Trust Co. v Naughton*, 137 AD3d 1199, 1200 [2016]; *Seiden v Sonstein*, 127 AD3d 1158, 1161-1162 [2015]; *Todd v Green*, 122 AD3d 831, 832 [2014]; *Midfirst Bank v Agho*, 121 AD3d 343, 351 [2014]; *U.S. Bank N.A. v Dellarmo*, 94 AD3d 746, 748 [2012]). As the defendants failed to oppose the plaintiff's motion or raise the issue, it was inappropriate for the Supreme Court to, sua sponte, do so on their behalf (*see Todd v Green*, 122 AD3d at 832; *Midfirst Bank v Agho*, 121 AD3d at 352). The remaining purported deficiencies found by the Supreme Court in the plaintiff's submissions did not warrant denial of the motion.

Accordingly, the Supreme Court should have granted the plaintiff's unopposed motion for summary judgment dismissing the defendants' affirmative defenses and counterclaim (*see Deutsche Bank Natl. Trust Co. v Naughton*, 137 AD3d 1199 [2016]; *Citimortgage, Inc. v Chow Ming Tung*, 126 AD3d 841 [2015]; *Midfirst Bank v Agho*, 121 AD3d at 352). Chambers, J.P., Austin, Sgroi and Cohen, JJ., concur.