Healthy Way Acupuncture, P.C., as Assignee of Erole Isma, Appellant, 
against
21st Century Indemnity Ins. Co., Respondent.



Appeal from an order of the Civil Court of the City of New York, Kings County (Reginald A. Boddie, J.), entered January 22, 2015. The order granted defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint, arguing that, after applying the deductible set forth in the insurance policy in question, it had paid plaintiff for the services at issue in accordance with the workers' compensation fee schedule. Plaintiff opposed the motion, arguing that defendant's motion was untimely pursuant to CPLR 3212 (a), that defendant had not properly applied the fee schedule, and that defendant had failed to show that a deductible was applicable since the copy of the automobile insurance policy included in the moving papers contains an out-of-state certification. By order entered January 22, 2015, the Civil Court granted defendant's motion.
It is uncontroverted that defendant served plaintiff with its original motion for summary judgment dismissing the complaint on April 14, 2014, which was within 120 days of the filing of the notice of trial on December 13, 2013. However, the Clerk of the Kings County Civil Court did not accept the filing of the motion because the notice of motion contained an incorrect address for the court. Thereafter, in May 2014, defendant filed a second, otherwise identical, motion for summary judgment dismissing the complaint, which set forth the correct address for the Civil Court. "It does not follow from the fact that this single motion had been served . . . on two separate occasions that its timeliness must be judged by the later . . . rather than the earlier . . . date of service. The mere fact that the defendant, after having served its original notice of motion on the plaintiff's attorney in a timely fashion, filed new motion papers seeking the same relief, [was] not fatal to [such motion]" (Rivera v Glen Oaks Vil. Owners, Inc., 29 AD3d 560, 562 [2006] [internal quotation marks and citations omitted]). Consequently, we find that the Civil Court did not improvidently exercise its discretion in determining that defendant's second motion for summary judgment dismissing the complaint was not untimely.
With respect to the merits of defendant's motion, we note that, on appeal, plaintiff does not renew its claim that defendant did not properly apply the fee schedule. Plaintiff claims that the copy of the automobile insurance policy annexed to defendant's moving papers was [*2]inadmissible because it lacked a proper certificate of conformity. However, the absence of a certificate of conformity is not a fatal defect (see Bank of NY Mellon v Vytalingam, 144 AD3d 1070 [2016]; Fuller v Nesbitt, 116 AD3d 999 [2014]; Fredette v Town of Southampton, 95 AD3d 940 [2012]; see also Gonzalez v Perkan Concrete Corp., 110 AD3d 955 [2013]; Smith v Allstate Ins. Co., 38 AD3d 522 [2007]; Healing Art Acupuncture, P.C. v Amica Mut. Ins. Co., 46 Misc 3d 138[A], 2015 NY Slip Op 50078[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]), as the defect may be disregarded pursuant to CPLR 2001 where a substantial right of a party is not prejudiced (see Midfirst Bank v Agho, 121 AD3d 343 [2014]; Rivers v Birnbaum, 102 AD3d 26 [2012]). In the case at bar, plaintiff failed to make any showing of prejudice. Inasmuch as the affidavits and documents defendant submitted sufficiently established that the automobile insurance policy in question had a $200 personal injury protection deductible, we find no basis to disturb the Civil Court's implicit finding that defendant, pursuant to the terms of the policy, was entitled to deduct $200 from the sum it was required to pay plaintiff for the services plaintiff had rendered to its assignor in July 2007.
Accordingly, the order is affirmed.
Elliot, J.P., Pesce and Solomon, JJ., concur.
Decision Date: February 08, 2017