First Franklin Fin. Corp. v Alfau (2018 NY Slip Op 00409)





First Franklin Fin. Corp. v Alfau


2018 NY Slip Op 00409


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2016-02639
 (Index No. 13139/08)

[*1]First Franklin Financial Corporation, appellant, 
v
Rafael E. Alfau, et al., defendants.


Dorf & Nelson LLP, Rye, NY (Jonathan B. Nelson of counsel), for appellant.



DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Greco, Jr., J.), entered October 16, 2015, which, upon a decision of the same court (Rios, J.) dated October 28, 2013, denied its unopposed motion for leave to enter a default judgment, to appoint a referee, to reform the subject mortgage to add the name of the defendant Herminia I. Alfau as a mortgagor, to amend the caption to excise the defendants "John Doe #2" through "John Doe #10," substitute Pilar Luna as a defendant in place of "John Doe #1," and substitute U.S. Bank National Association, as trustee for the holders of the First Franklin Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-FF10, as the plaintiff, and, sua sponte, dismissed the complaint.
ORDERED that the order and judgment is modified, on the law, (1) by deleting the provision thereof dismissing the complaint, and (2) by deleting the provisions thereof denying those branches of the plaintiff's motion which were to amend the caption to excise the defendants "John Doe #2" through "John Doe #10," substitute Pilar Luna as a defendant in place of "John Doe #1," and substitute U.S. Bank National Association, as trustee for the holders of the First Franklin Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-FF10, as the plaintiff, and substituting therefor a provision granting those branches of the motion; as so modified, the order and judgment is affirmed, without costs or disbursements, and the complaint is reinstated.
In 2005, the defendant Rafael E. Alfau mortgaged property located in Queens that was owned by his wife, the defendant Herminia I. Alfau (hereinafter together the Alfau defendants). In May 2008, the plaintiff commenced this action against, among others, the Alfau defendants, alleging that Rafael defaulted by failing to make the monthly payment due in February 2008. The complaint asserted causes of action, inter alia, to foreclose the mortgage, to reform the mortgage to add Herminia as a mortgagor, since she owned the property, or, alternatively, to impose an equitable lien or equitable mortgage on the property.
After the Alfau defendants' time to appear or answer the complaint expired, the plaintiff moved for leave to enter a default judgment, to appoint a referee, to reform the mortgage to add Herminia as a mortgagor, and to amend the caption to excise the defendants "John Doe #2" through "John Doe #10," substitute Pilar Luna as a defendant in place of "John Doe #1," and substitute U.S. Bank National Association, as trustee for the holders of the First Franklin Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-FF10 (hereinafter USBank), as the plaintiff. The Supreme Court issued a decision dated October 28, 2013, concluding that the [*2]unopposed motion should be denied. Thereafter, the plaintiff moved, inter alia, in effect, for leave to renew its prior motion. In an order dated October 23, 2014, the court denied that branch of the motion which was for leave to renew. Subsequently, the court entered an order and judgment denying the plaintiff's motion, inter alia, for leave to enter a default judgment and, sua sponte, dismissed the complaint. The plaintiff appeals.
"On a motion for leave to enter a default judgment pursuant to CPLR 3215, the movant is required to submit proof of service of the summons and complaint, proof of the facts constituting its claim, and proof of the defaulting party's default in answering or appearing" (Glenwood Mason Supply Co., Inc. v Frantellizzi, 138 AD3d 925, 926 [internal quotation marks omitted]; see CPLR 3215[f]; Boudine v Goldmaker, Inc., 130 AD3d 553; DLJ Mtge. Capital, Inc. v United Gen. Tit. Ins. Co., 128 AD3d 760, 761; Atlantic Cas. Ins. Co. v RJNJ Servs., Inc., 89 AD3d 649). "To demonstrate the facts constituting the claim,' the movant need only submit sufficient proof to enable a court to determine if the claim is viable" (Global Liberty Ins. Co. v W. Joseph Gorum, M.D., P.C., 143 AD3d 768, 769; see Woodson v Mendon Leasing Corp., 100 NY2d 62, 71; Mortgage Elec. Registration Sys., Inc. v Smith, 111 AD3d 804).
Here, since the Alfau defendants defaulted in appearing or answering the complaint and failed to demonstrate grounds for vacating their default, they were precluded from asserting lack of standing as a defense. Accordingly, it was unnecessary for the plaintiff to demonstrate that it had standing to commence the action in order to establish its entitlement to a default judgment (see Bank of N.Y. Mellon v Izmirligil, 144 AD3d 1067, 1069-1070).
Nevertheless, the plaintiff failed to submit the requisite proof of the facts constituting the claim (see DLJ Mtge. Capital, Inc. v United Gen. Tit. Ins. Co., 128 AD3d at 762). "While a verified complaint may be used as the affidavit of the facts constituting the claim, it must contain evidentiary facts from one with personal knowledge" (id. [citation omitted]; see CPLR 3215[f]). " [A] pleading verified by an attorney pursuant to CPLR 3020 (d) (3)[, and not by someone with personal knowledge of the facts,] is insufficient to establish its merits'" (DLJ Mtge. Capital, Inc. v United Gen. Tit. Ins. Co., 128 AD3d at 762, quoting Triangle Props. #2, LLC v Narang, 73 AD3d 1030, 1032). On its motion, the plaintiff submitted the complaint, verified only by counsel, and an affirmation of counsel, with counsel having no personal knowledge of the facts. The plaintiff also submitted an affidavit of a representative of the loan servicer attesting to a default, but failing to address the relevant questions relating to the fact that the mortgagor did not own the subject property, whether the relevant documents should be reformed, or whether an equitable lien or mortgage should be imposed.
Since the plaintiff's motion papers failed to set forth sufficient facts to enable the Supreme Court to determine whether there exists a viable cause of action, the court properly denied those branches of the plaintiff's motion which were for leave to enter a default judgment, to appoint a referee, and to reform the mortgage. However, the plaintiff's submissions were sufficient to grant those branches of its motion which were to amend the caption to excise the defendants "John Doe #2" through "John Doe #10," substitute Pilar Luna as a defendant in place of "John Doe #1," and substitute USBank as the plaintiff. Since standing was not in issue, there was no bar to substituting USBank as the plaintiff and to amend the caption accordingly (see TCIF REO GCM, LLC v Walker, 139 AD3d 704, 706).
The Supreme Court properly denied that branch of the plaintiff's subsequent motion which was, in effect, for leave to renew. The documentary evidence submitted on that motion, consisting of, inter alia, a HUD-1 Settlement Statement and a satisfaction of mortgage, which indicated that the proceeds from the mortgage loan in issue in this case were used to satisfy a mortgage in Herminia's name, should have been submitted in support of the plaintiff's original motion as proof of facts of an equitable lien against the property owned by her, and the plaintiff failed to provide a reasonable justification for not submitting the documentation in support of its original motion (see CPLR 2221[e][3]; Putterman v Wenk-Wolff, 92 AD3d 746, 747; Ruddock v Boland Rentals, 5 AD3d 368, 371).
Finally, the Supreme Court should not have dismissed the complaint sua sponte (see U.S. Bank, N.A. v Razon, 115 AD3d 739, 740). Accordingly, the complaint must be reinstated.
HALL, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court