Michael v Atlas Restoration Corp. (2018 NY Slip Op 02162)





Michael v Atlas Restoration Corp.


2018 NY Slip Op 02162


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-13166
 (Index No. 607248/15)

[*1]Constantinos Michael, appellant, 
v
Atlas Restoration Corp., et al., defendants, Dimitrios Tsoumas, respondent.


Georgoulis PLLC, New York, NY (Chris Georgoulis of counsel), for appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered December 2, 2016, as, upon an order of the same court (Bucaria, J.), entered May 6, 2016, denying that branch of his unopposed motion pursuant to CPLR 3215(a) which was for leave to enter a default judgment against the defendant Dimitrios Tsoumas on the first cause of action upon his default in answering or appearing, in effect, dismissed the first cause of action insofar as asserted against Dimitrios Tsoumas.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, the first cause of action is reinstated, that branch of the plaintiff's unopposed motion pursuant to CPLR 3215(a) which was for leave to enter a default judgment against the defendant Dimitrios Tsoumas on the first cause of action upon his default in answering or appearing is granted, the order entered May 6, 2016, is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment.
In November 2015, the plaintiff commenced this action against, among others, the defendants Atlas Restoration Corp. (hereinafter Atlas), and Dimitrios Tsoumas (hereinafter together the Atlas defendants), inter alia, to recover damages for breach of contract based upon their failure to repay certain loans made by the plaintiff to them during 2012 and 2013. The Atlas defendants failed to interpose an answer, and the plaintiff moved pursuant to CPLR 3215(a), among other things, for leave to enter a default judgment against them on the first cause of action, which alleged breach of contract. The Supreme Court (Bucaria, J.), in an order entered May 6, 2016, inter alia, granted that branch of the unopposed motion which sought leave to enter a default judgment against Atlas on the first cause of action alleging breach of contract, but denied that branch of the motion as it pertained to Tsoumas, finding that the plaintiff failed to demonstrate that the loans were made to Tsoumas. On December 2, 2016, the same court (Mahon, J.), entered a judgment based upon the order. We reverse the judgment insofar as appealed from.
Pursuant to CPLR 3215, a plaintiff may seek a default judgment against a defendant who fails to appear (see CPLR 3215; U.S. Bank, N.A. v Razon, 115 AD3d 739, 740). Thus, a plaintiff moving for a default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the causes of action, and proof of the defaulting defendant's failure to answer or appear (see CPLR 3215[f]; Allstate Prop. & Cas. Ins. Co. [*2]v Carrier, 147 AD3d 889, 890; Todd v Green, 122 AD3d 831, 832; U.S. Bank N.A. v Poku, 118 AD3d 980; U.S. Bank N.A. v Razon, 115 AD3d at 740; Cruz v Keter Residence, LLC, 115 AD3d 700; C & H Import & Export, Inc. v MNA Global, Inc., 79 AD3d 784).
Here, the plaintiff, by his submission of the verified complaint and his affidavit, met all of these requirements and, thus, demonstrated his entitlement to a default judgment against Tsoumas on the first cause of action (see CPLR 105[u]; Todd v Green, 122 AD3d at 832; Oak Hollow Nursing Ctr. v Stumbo, 117 AD3d 698, 699). The verified complaint sufficiently alleged a basis for holding Tsoumas personally liable for the loans under the doctrine of piercing the corporate veil (see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 140-141; Olivieri Constr. Corp. v WN Weaver St., LLC, 144 AD3d 765, 766; East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 66 AD3d 122, 126, affd 16 NY3d 775).
Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for leave to enter a default judgment against Tsoumas on the first cause of action, upon his failure to appear or answer the complaint.
DILLON, J.P., LEVENTHAL, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court