Eastern Funding LLC v San Jose 63 Corp. (2019 NY Slip Op 03569)





Eastern Funding LLC v San Jose 63 Corp.


2019 NY Slip Op 03569


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2017-12478
 (Index No. 508354/17)

[*1]Eastern Funding LLC, appellant,
v
San Jose 63 Corp., et al., respondents.


Theodore Jon Cohen, New York, NY, for appellant.



DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated September 7, 2017. The order denied the plaintiff's motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendants.
ORDERED that the order is affirmed, without costs or disbursements.
We agree with the Supreme Court's denial of the plaintiff's motion for leave to enter a default judgment, because the plaintiff failed to submit proof of service of the summons and complaint on the defendants (see CPLR 3215[f]; Stevens v Law Off. of Blank & Star, PLLC, 155 AD3d 917, 918; DLJ Mtge. Capital, Inc. v United Gen. Tit. Ins. Co., 128 AD3d 760, 761; Daniels v King Chicken & Stuff, Inc., 35 AD3d 345, 345). In 2014, CPLR 2214(c) was amended to provide: "Except when the rules of the court provide otherwise, in an e-filed action, a party that files papers in connection with a motion need not include copies of papers that were filed previously electronically with the court, but may make reference to them, giving the docket numbers on the e-filing system" (see L 2014, ch 109). The statute was amended in response to this Court's decision in Biscone v JetBlue Airways Corp. (103 AD3d 158), which held that parties could not simply refer to papers that had previously been electronically filed, but rather had to include copies of those papers (see NY Assembly Mem in Support, Bill Jacket, L 2014, ch 109 at 7). Here, although the plaintiff's attorney submitted an affirmation in support of the motion stating that an affidavit of service of the summons and complaint had previously been e-filed, the affirmation failed to "giv[e] the docket numbers on the e-filing system" corresponding to the previously e-filed affidavit of service (CPLR 2214[c]). The plaintiff thus failed to establish its entitlement to a default judgment (see CPLR 3215[f]).
In reaching our determination, we have not considered a copy of an affidavit of service that the plaintiff improperly included in the record on appeal, since it was not submitted to the Supreme Court in support of the motion (see CPLR 5526; Gomez v Casiglia, 67 AD3d 965, 966; Schaffer v Sella, 96 AD2d 533).
The plaintiff's remaining contention is academic.
BALKIN, J.P., AUSTIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court