Lewis v Solny (2019 NY Slip Op 04155)





Lewis v Solny


2019 NY Slip Op 04155


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2017-00242
 (Index No. 16698/14)

[*1]Lana Lewis, et al., appellants, 
v
Sanford Solny, et al., respondents.


Rita Hill, Rego Park, NY, for appellants.
Sanford Solny, Brooklyn, NY, respondent pro se, Avi Rosenfeld, Lawrence, NY, for respondent A to Z Management I, Inc., and Alan Wohlberg, Brooklyn, NY, for respondent Living Realty III, Inc. (one brief filed).
Storch Law, P.C., Brooklyn, NY (Zvi A. Storch of counsel), for respondent Brooklyn Reliable Holding, Inc.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to determine claims to real property, the plaintiffs appeal from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered September 19, 2016. The order denied the plaintiffs' motion for leave to enter a default judgment against the defendants upon their failure to appear or answer the amended complaint, for relief against the defendants pursuant to RPAPL 211, and to amend the caption to substitute Phillip J. Buzzetta as a defendant in place of "John Doe."
ORDERED that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
In 2014, the plaintiffs commenced this action against, among others, the defendants Sanford Solny and Living Realty III, Inc. (hereinafter Living Realty), inter alia, pursuant to RPAPL article 15 to determine certain claims to real property. Solny and Living Realty timely answered the complaint. Thereafter, the plaintiff moved for leave to file and serve a supplemental summons and amended complaint, inter alia, so as to add A to Z Management I, Inc. (hereinafter A to Z), and Brooklyn Reliable Holding, Inc. (hereinafter Brooklyn Reliable), as additional defendants. The plaintiff's motion was granted in an order entered November 5, 2015, which stated that the plaintiffs "may, within 30 days of entry of this Order, file and thereafter serve" the supplemental summons and amended complaint. The plaintiffs did not file the supplemental summons and amended complaint until almost 30 days after the time to do so as per the order entered November 5, 2015, passed. The supplemental summons and amended complaint were thereafter served upon Solny and Living Realty by mail on January 13, 2016, and upon A to Z and Brooklyn Reliable by service upon the Secretary of State on January 27, 2016.
Subsequently, the plaintiffs moved for leave to enter a default judgment against the defendants upon their failure to appear or answer the amended complaint, for relief against the defendants pursuant to RPAPL 211, and to amend the caption to substitute Phillip J. Buzzetta as a defendant in place of "John Doe." In an order entered September 19, 2016, the Supreme Court [*2]denied the plaintiffs' motion. The plaintiffs appeal, and we affirm.
" On a motion for leave to enter a default judgment pursuant to CPLR 3215, the movant is required to submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting party's default in answering or appearing'" (Dupps v Betancourt, 99 AD3d 855, 855, quoting Atlantic Cas. Ins. Co. v RJNJ Servs., Inc., 89 AD3d 649, 651; see CPLR 3215[f]). Where the plaintiff fails to present proof of valid service of the summons and complaint, a motion for leave to enter a default judgment pursuant to CPLR 3215 is properly denied (see e.g. Daniels v King Chicken & Stuff, Inc., 35 AD3d 345).
Here, the plaintiffs failed to meet their burden of proving valid service of the supplemental summons and amended complaint upon the defendants (see Daniels v King Chicken & Stuff, Inc., 35 AD3d 345). The plaintiffs' submissions showed that the attempts to serve the defendants were not timely. Accordingly, we agree with the Supreme Court's determination to deny that branch of the plaintiffs' motion which was for leave to enter a default judgment against the defendants.
RPAPL 211 provides that "[i]f, during the pendency of an action to recover a judgment affecting the title to, or the possession, use or enjoyment of, real property, a party commits waste upon, or does any other damage to, the property in controversy, the court may grant . . . an order restraining him from the commission of any further waste upon or damage to the property." Here, the plaintiffs failed to offer evidence that any of the defendants committed waste upon or did damage to the subject property. Accordingly, we agree with the Supreme Court's determination to deny that branch of the plaintiffs' motion which was for relief against the defendants pursuant to RPAPL 211.
The plaintiffs' remaining contentions are either improperly raised for the first time on appeal or without merit.
MASTRO, J.P., AUSTIN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court