Quinn v GCB Capital, LLC (2023 NY Slip Op 50674(U))

[*1]

Quinn v GCB Capital, LLC

2023 NY Slip Op 50674(U)

Decided on July 7, 2023

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 7, 2023
Supreme Court, New York County

Brian Quinn, Onorevole Consulting Group, Inc., Plaintiff,

against
GCB Capital, LLC, Medipure Holding, Inc., Chris Condon, Defendant.

Index No. 652260/2022

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 002) 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21 were read on this motion for JUDGMENT - DEFAULT.
This action seeks to enforce a settlement agreement dated July 31, 2018 between defendants Medipure Holdings, Inc. (MHI), GCB Capital, LLC (GCB) and Chris Condon, and plaintiffs Brian Quinn (Quinn) and Onorevole Consulting Group, Inc. (Onorevole) (together, plaintiffs), and four other entities not relevant here. Plaintiffs had moved previously, pursuant to CPLR 3215, for a default judgment against MHI, but the motion was denied for plaintiffs' failure to include proof of the facts constituting the claim, among other deficiencies (NY St Cts Elec Filing [NYSCEF] doc no. 8). In motion sequence 002, plaintiffs move, for the second time, for an order granting default judgment against defendants GCB Capital, LLC ("GCB") and Medipure Holding, Inc ("MHI"). Neither MHI nor GCB have submitted opposition.
BACKGROUND
In July 2018, MHI agreed to issue nine percent of its common shares to plaintiffs. That agreement was memorialized in a Settlement Agreement and Release executed by MHI and plaintiffs, among other parties. MHI has allegedly breached the Settlement Agreement and Release by failing to issue any shares to plaintiffs, despite the passage of nearly five years since the parties executed the agreement. Instead of issuing shares directly to plaintiffs, MHI allegedly issued more of its common shares to GCB than it was required to issue pursuant to the Settlement Agreement and Release, seemingly with the intention that GCB would transfer ownership of a portion of those shares to plaintiffs. But GCB has allegedly failed to transfer ownership of any shares to plaintiffs.
Plaintiffs filed the summons and complaint in this case on May 15, 2022 (NYSCEF doc. no. 1). MHI was served with the process on May 19, 2022, and then again on September 9, 2022 (NYSCEF doc. no. 13-14). GCB was served on September 9, 2022 (NYSCEF doc. no. 15). To [*2]this date, neither MHI nor GCB has answered the complaint.

 DISCUSSION
It is well settled that a motion for a default judgment must be supported with "proof of service of the summons and complaint[,] proof of the facts constituting the claim, [and] the default" (CPLR 3215 [f]). "[A] complaint verified by someone or an affidavit executed by a party with personal knowledge of the merits of the claim" satisfies this statutory requirement (Beltre v Babu, 32 AD3d 722, 723 [1st Dept 2006]; Woodson v Mendon Leasing Corp., 100 NY2d 62, 71 [2003]). The plaintiff must also offer "some proof of liability . . . to satisfy the court as to the prima facie validity of the uncontested cause of action" (Feffer v Malpeso, 210 AD2d 60, 61 [1st Dept 1994]). "The standard of proof is not stringent, amounting only to some firsthand confirmation of the facts" (id.).
A party in default "admits all traversable allegations in the complaint, including the basic allegation of liability, but does not admit the plaintiff's conclusion as to damages" (Rokina Opt. Co. v Camera King, 63 NY2d 728, 730 [1984]). In support of the motion, plaintiffs submit Quinn's affidavit, affidavits of service, and the settlement agreement.
According to the unverified complaint, MHI is a Canadian corporation with its principal place of business at 302-267 West Esplanade, North Vancouver, British Columbia, Canada (NYSCEF doc. no. 1, complaint ¶ 10). Section 13 of the settlement agreement provides, in pertinent part, that each party to the agreement "irrevocably . . . (iv) consents to service of process upon it by mailing a copy thereof by certified mail or overnight mail addressed to it as provided on the signature page" (NYSCEF doc. no. 12, Quinn aff, exhibit A at 4 [§ 13]) (block capitalization removed). Plaintiffs proffer two affidavits purporting to demonstrate service of process upon MHI by personal service, not by mail as was permissible under the settlement agreement. The first affidavit, sworn to on May 27, 2022, reveals that service was made upon MHI by personal delivery of the summons and complaint to "Sherri E., Legal Administrative Assistant" on May 19, 2022 at Boughton Law, 700-595 Burrard Street, Vancouver, British Columbia (NYSCEF doc. no. 13, Quinn aff, exhibit B). This attempt at service, though, appears to have been made upon MHI's legal counsel, not MHI (NYSCEF doc. no. 11, Quinn aff, ¶ 15). Service upon a party's legal counsel is insufficient to establish proper service upon MHI. 
A second affidavit, sworn to on November 16, 2022, reflects service upon MHI by personal delivery of the summons and complaint to "RMAN WALIA, VP of Finance" at 302-267 West Esplanade, North Vancouver, British Columbia on September 9, 2022 (NYSCEF doc. no. 14, Quinn aff, exhibit C). While this attempt at service was made at MHI's principal place of business, plaintiffs have not explained whether their September 9 attempt at service comports with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (20 UST 361, TIAS No. 6638 [1969]), to which Canada is a signatory (see CPLR 313; Morgenthau v Avion Resources Ltd., 11 NY3d 383, 390 [2008] ["[the Hague Convention] is the supreme law of the land and its service requirements are mandatory"]).
Accordingly, this court finds that, as to defendant MHI, plaintiffs have not furnished adequate proof of service of the summons and complaint upon MHI. Plaintiffs have, however, met their burden of proof of service upon defendant GCB.
GCB is a Nevada limited liability company that maintains its principal place of business in that state (NYSCEF doc. no. 1, ¶ 9). The affidavit of service sworn to on September 15, 2022, reveals personal delivery of the summons and complaint was made upon "Karen Scott, Administrative Assistant" on September 9, 2022 at "Registered Agent, Nevada Corporate [*3]Headquarters, Inc., 4730 S. Ft. Apache Rd., No.300, Las Vegas, Nevada on September 9, 2022 (NYSCEF doc. no. 15, Quinn aff, exhibit D). Such service upon GCB's registered agent comports with CPLR 311-a (a) (iii) and CPLR 313. Although the affidavit of service lacks a certificate of conformity (see CPLR 2309), the omission is not considered a fatal defect (see Todd v Green, 122 AD3d 831, 832 [2d Dept 2014] [granting a motion for a default judgment even though the affidavit of service lacked a certificate of conformity]).
Turning to the merits, the complaint pleads three causes of action: (1) a judgment declaring that plaintiffs own nine percent of MHI's common shares, or 5.4 million shares, that MHI has no right to withhold those shares from them, and that MHI should perform its obligations under the settlement agreement and issue 5.4 million shares to plaintiffs; (2) breach of contract against MHI; and (3) unjust enrichment against GCB and Condon. It appears that only the third cause of action pertains to GCB.
To state a cause of action for unjust enrichment, the plaintiff must plead "that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered" (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011] [internal quotation marks, brackets and citations omitted]). Relevant herein is Section 5 of the settlement agreement, titled "Other Obligations," which provides, in part:
"MHI must issue the shares of common stock to GCB under the GCB Agreement. At the time that MHI is required to issue shares of MHI common stock to GCB pursuant to the GCB Agreement, after a stock split by MHI whereby GCB shall be entitled to receive 27 million shares of MHI common stock less the shares of common stock to be issued to Quinn and Tobin, MHI will directly issue nine percent (9%) of the common shares of MHI, post-stock split, to Quinn and MHI will directly issue nine percent (9%) of the common shares of MHI, post-stock split, to Tobin" (NYSCEF doc. no. 12 at 2).
The unverified complaint alleges that GCB and/or Condon have wrongfully retained the MHI shares that should have been issued to them (NYSCEF doc. no. 1, ¶ 35). Quinn avers that when the settlement agreement was executed, it was anticipated that MHI would issue 5.4 million of its 60 million common shares to him (NYSCEF doc. no. 11, ¶ 9). MHI, though, never issued those shares (id., ¶ 11). The complaint alleges that GCB should have received only 16.2 million shares of common stock from MHI (27 million shares less the 10.8 million total shares to be issued to Quinn and nonparty Morrie Tobin [Tobin]), but MHI issued 28 million shares to GCB (NYSCEF doc no. 1, ¶¶ 30 and 32). It further alleges that the shares GCB received include the shares Tobin received under the settlement agreement from MHI, but GCB acquired Tobin's shares under a stock purchase agreement to which neither plaintiff was a party (id., ¶ 33). Plaintiffs' counsel affirms that he exchanged several emails and telephone calls with GCB's counsel prior to the filing this action in which GCB's counsel indicated that its client had instructed an agent to transfer 5.4 million of the common shares GCB owned in MHI to Onorevole, but GCB has not done so (NYSCEF doc. no. 15, Judd R. Spray affirmation, ¶¶ 4-6).
To sustain a cause of action for unjust enrichment privity between the parties is not required, but an "[unjust enrichment] claim will not be supported unless there is a connection or relationship between the parties that could have caused reliance or inducement on the plaintiff's part" (Georgia Malone & Co., Inc. v Rieder, 86 AD3d 406, 408 [1st Dept 2011], affd 19 NY3d 511 [2012]). The mere fact that plaintiffs and GCB were parties to the same settlement agreement is insufficient to establish a sufficiently close connection or relationship between [*4]them that could have caused or induced reliance on plaintiffs' part (see Sorenson v Winston & Strawn, LLP, 162 AD3d 593, 593 [1st Dept 2018] [failure to plead a relationship with the defendant that could have caused the plaintiff's reliance or inducement defeats an unjust enrichment claim]; Schroeder v Pinterest, Inc., 133 AD3d 12, 27 [1st Dept 2015] [dismissing an unjust enrichment claim where the plaintiff failed to plead the existence of a "sufficiently close relationship" with the defendant]). The settlement agreement resolved disputes related to consulting services furnished to MHI (NYSCEF Doc No. 1, ¶ 1). Plaintiffs have not alleged that they furnished GCB with consulting services (see Sabre Intl. Sec., Ltd. v. Vulcan Capital Mgt., Inc., 95 AD3d 434, 439 [1st Dept 2012]), nor have they alleged that they had engaged in direct dealings with GCB (Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 518-519 [2012]). The settlement agreement plainly states that MHI, not GCB, was obligated to transfer a certain percentage of common shares to Quinn, and GCB's purchase of Tobin's shares in MHI is a separate and distinct transaction from the settlement agreement. Plaintiffs' reliance on email correspondence between their counsel and GCB's counsel is similarly unavailing as the emails do not establish a relationship of reliance or inducement. Here, plaintiffs have failed to demonstrate the merits of the unjust enrichment claim against GCB.
Accordingly, it is hereby
ORDERED that the motion of plaintiffs Brian Quinn and Onorevole Consulting Group, Inc. for leave to enter a default judgment against defendants Medipure Holdings, Inc. and GCB Capital, LLC (motion seq. no. 002) is denied.
Dated: July 7, 2023
Robert R. Reed, J.S.C.